# D. M. Osborne & Co., Appellants, *v.* John Walley and James Walley, doing business as Walley Bros.

*Evidence of inducing contemporaneous parol promise.*

A written agreement may be modified, explained, reformed or altogether set aside by parol evidence of an oral promise or undertaking material to the subject-matter of the contract made by one of the parties at the time of the execution of the writing and which induced the other party to put his name to it.

*Warranty imputed by sale by manufacturer.*

Where the manufacturer of a reaper sells one to a farmer, it is sold and bought with the understanding that it will do the kind of work for which it was made.

*Evidence—Range of cross-examination—Discretion of trial judge.*

The range of cross-examination rests largely in the discretion of the trial judge, and unless that discretion has been plainly abused to the injury of the party complainant, it is not ground for reversal.

It is not an abuse of discretion to permit a latitude to cross-examination when to have ruled it out simply would have entailed the recalling of the witness.

*Notice of defect—Warranty—Waiver of formalities of time and method.*

Reasonableness of notice as to form and time required by a warranty becomes nonessential to be determined by the court when the defendants were aware of a claim that the machine sold " did not work well," and where they had sent an agent to look into the trouble; the inference being that they did so pursuant to notice, and if notice was not given in the precise way called for by the warranty, that it was waived.

Argued May 11, 1898.   Appeal, No. 115, April T., 1898, by plaintiffs, from judgment of C. P. Armstrong Co., March T., 1897, No. 211, on verdict for defendants.   Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.   Affirmed.

Appeal from justice of the peace.   Before RAYBURN, P. J.

It appears from the record and evidence that suit was brought by the plaintiffs to recover the price of an Osborne Columbia binder.   On the back of the order was printed in blank a recommendation or alleged general warranty, on all machines manufactured by D. M. Osborne & Co.   The alleged warranty was without date and was not signed by the agent of the company.

There was evidence tending to show that the agent to whom the order was given guaranteed the binder to do satisfactory work or defendants need not keep it; and also evidence tending to show that defendants having tried the binder notified the plaintiffs that it would not do the work and that they refused to keep the machine, or pay for it.

Verdict and judgment for defendants. Plaintiffs appealed.

*Errors assigned* were (1–8) to admissions of evidence and the court's comments thereon. The court instructed the jury, inter alia: " If you find from the evidence that plaintiffs' agent or agents fraudulently misrepresented the binder to the defendants and thereby induced them to order the machine, that the defendants had a right to refuse to keep the machine or pay for it, and your verdict must be for the defendants." (11) In refusing plaintiffs' sixth point, which point is as follows : " 6. Under the warranty it was the duty of the defendants to give prompt notice to Daniel Maloney to put the binder in order ; and the said defendants having failed to give any notice until the 20th of July, 1895, it was too late ; and having kept the machine during harvest, it is conclusive evidence that the machine fills the warranty." (12) The charge of the court was inadequate in this, that it gave no information whatever to the jury as to the force and effect of the written contract or under what circumstances parol evidence could be received to contradict or vary it.

*W. D. Patton*, for appellants.—A learned judge has said that it would be a day's journey to travel through the Pennsylvania cases alone that decide that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. One of the latest and strongest cases is that of Wodock v. Robinson, 148 Pa. 503.

There must be evidence of fraud other than that which may be derived from a mere difference between the parol or written terms : Thorne v. Warfflein, 100 Pa. 519.

The judge sits as a chancellor, and if his conscience is not moved to grant equitable relief from the written contract by the verbal testimony, he ought to withdraw it from the jury : Rowand v. Finney, 96 Pa. 192.

Cross-examination must be confined to matters brought out in the examination in chief: Boyd v. Conshohocken Mills, 149 Pa. 363.

Cross-examination is for the purpose of introducing matter of defense, and is such an abuse of the discretion of the judge as calls for reversal: Bohan v. Avoca Borough, 154 Pa. 404.

If the general effect of a charge has a tendency to mislead, it is cause for reversal, though no particular portion of the charge be clearly erroneous: Peirson v. Duncan, 162 Pa. 187.

*J. H. McCain,* of *McCain & Christy,* with him *Austin Clalk,* for appellees.—The printed matter on the back of the order is not filled up; it is not dated, nor is it signed. It is not made a part of the order in any way. All that appellants' agent was anxious to do was to secure the appellees' order for this machine. We have here simply and solely an order signed by the vendees which does not embody the whole contract of the parties: Miller v. Fichthorn, 31 Pa. 252. In Walker v. France, 112 Pa. 203, it is said: "That a written agreement may be modified, explained, reformed or altogether set aside by parol evidence of an oral promise or undertaking material to the subject-matter of the contract, made by one of the parties at the time of the execution of the writing and which induced the other party to put his name to it, must now be regarded as a principle of law so well settled as to preclude discussion."

To the same effect are the following cases: Shughart v. Moore, 78 Pa. 469; Campbell v. McClenachan, 6 S. & R. 170; Mackey v. Broomfield, 13 S. & R. 239; Powelton Coal Co. v. McShain, 75 Pa. 238.

There cannot be any doubt that the guaranty testified to by the Walley Brothers was made by the appellants' agent just before the order was signed, nor can there be any doubt that the order was signed on the faith of that guaranty. To withhold this testimony from the jury would be to permit the appellants to perpetuate a gross fraud upon the appellees.

The matter complained of in the ninth specification is not assignable as error. The admission of evidence on cross-examination rests in the sound discretion of the trial court, and there was no abuse of that discretion by the learned court below in this instance: Jessop v. Ivory, 158 Pa. 71; Bohan v. Avoca Borough, 154 Pa. 404.

Inasmuch as this machine was tried by the appellants' agent himself, the question of notice is not important: Whitely & Co. v. Ide, 6 Kulp, 470.

The appellees bought the binder on condition that it was to do its work well. Indeed in sales of this kind there is an implied warranty to that effect: Warden v. Blair, 4 Penny. 182.

OPINION BY PORTER, J., July 29, 1898:

The first eight assignments of error go to the admission of parol testimony to vary the terms of what is claimed to be a written contract for the sale of a reaper. This alleged contract was a form prepared by the plaintiffs and entitled an "Order and Warranty." It contains first a request to the plaintiffs' own agent "to furnish a copy of this order to the purchaser which will avoid any misunderstanding at the time of settlement, or if the machine should prove defective or imperfect the purchaser will be fully protected by the warranty printed on the back." Then follows the order addressed to the agent of the plaintiffs signed by the defendants to ship the reaper and an agreement to pay for it in a specified manner.

On the back of the document is the so-called warranty, which was not signed by the plaintiffs' agent, although before the copies were produced at the trial the agent on the stand insisted that he had signed one of them. There is nothing in the order signed by the defendants which refers to or incorporates the warranty. The plaintiffs contend that the order and warranty contain the whole contract, and being in writing oral evidence was improperly admitted to vary its terms.

The defendants were permitted to prove that immediately before the order was signed, Daniel Maloney (recited in the order to be the agent of the plaintiff company, and to whom the order is addressed), in the presence of another agent of the plaintiff company, said, referring to the reaper: "We guarantee it to give satisfaction in every respect." This was testified to specifically by one of the defendants and Maloney himself testifies as follows: "Q. Did not John Walley there in that conversation with you say, 'Now Dan, supposing it don't work, and is not satisfactory what will we do with it?' and did you not say: 'Throw it in the fence corner, I don't want to sell anything to my neighbor that is not satisfactory.' A. I did

perhaps say that. Q. That was in the presence of Mr. Bath? A. We were all there together I believe, the four of us were sitting under a shade tree. Q. This talk was before the order was signed? A. Yes, just before the order was signed. Q. And then didn't John Walley say to you this : ' Well Dan, I have confidence in you and I will order this machine.' A. He might have said that, I won't say the gentleman didn't because I disrecollect. He might have said it." Mr. Bath the other agent of the plaintiffs present at the time the order was given does not deny that this conversation took place.

Even if it be assumed that the paper writing did contain the contract between the parties, the testimony above quoted, with other testimony in the cause, indicates that the representations made by the plaintiffs' agent, in whom the defendants had personal confidence, were the inducement to the defendants to sign the order for the machine, and the evidence was for that reason admissible.

" That a written agreement may be modified, explained, reformed or altogether set aside by parol evidence of an oral promise or undertaking material to the subject-matter of the contract made by one of the parties at the time of the execution of the writing, and which induced the other party to put his name to it, must now be regarded as a principle of law so well settled as to preclude discussion : " Walker v. France, 112 Pa. 203. See also Shughart v. Moore, 78 Pa. 469 ; Campbell v. McClenachan, 6 S. & R. 171 ; Bown v. Morange, 108 Pa. 69.

" This rule is put upon the ground that the attempt afterwards to take advantage of the omission from the contract of such promise, is a fraud upon the party who was induced to execute it upon such promise, and hence he will be permitted to show the truth of the matter : " Powelton Coal Co. v. McShain, 75 Pa. 238.

We can find no error committed by the court below in admitting the testimony, and the assignments numbers one to eight inclusive are, therefore, not sustained.

It may be added that had there been no expressed guaranty by the plaintiffs it is to some extent implied in the law as held by the Supreme Court in Warder v. Blair, 4 Penny. 182, where it is said : " The plaintiffs were not only the vendors, but they were the manufacturers of the machine sold to the defendant.

Where a manufacturer of a reaper sells one to a farmer, we think it is sold and bought with the understanding that it will do the kind of work for which it was made."

The ninth and tenth assignments are to the ruling of the court in permitting cross-examination of one of the plaintiffs' witnesses as to a certain Mr. Deyo in order to ascertain his connection with the plaintiff company. It is true that cross-examination must be confined to matters brought out in the examination-in-chief, but the range of cross-examinations rests largely in the discretion of the trial judge, and unless that discretion has been plainly abused to the injury of the party complainant, it is not ground for reversal: Bohan v. Avoca Borough, 154 Pa. 404.

Clearly the plaintiffs suffered no substantial injury by the cross-examination complained of. To have ruled it out would simply have entailed the recalling of the plaintiffs' witness by the defendants, to prove Mr. Deyo's connection with the plaintiff company. It was proven that Deyo was the canvasser for the plaintiff company and that he was sent to the defendants to make a settlement, if possible, with the defendants, for the machine. What he said to them in pursuance of the purpose for which he was sent, was competent evidence as against the plaintiff company. The ninth and tenth assignments are therefore dismissed.

The unsigned warranty on the back of the order provides that "if on starting the machine it should in any way prove defective and not work well, the purchaser shall give prompt notice to the agent of whom he purchased it and allow time for a person to be sent to put it in order." The eleventh assignment sets up that the court below failed to instruct the jury that the said defendants are estopped from recovering because they "failed to give any notice until the 20th of July, 1895, which was too late." There is nothing in this assignment, even if the unsigned warranty be regarded as a part of the contract. The evidence is that the agent of the company was present, set up the machine himself and started it, and that the defendants before the agent left, complained to him that the machine was not doing good work, indicated that it was not giving them satisfaction, and urged the agent to himself make further trial of the machine. The agent refused to remain, and left with the knowl-

edge that the defendants claimed that the machine could not be made to do good work. The warranty does not stipulate that the notice must be in writing and the giving of the written notice subsequently was only in confirmation of what the agent of the company already knew, namely, that the defendants claimed that the machine "Did not work well." Under these circumstances it was not necessary for the court to determine whether the time within which the notice was given was reasonable, or whether there was undue delay. Here, after the plaintiff company received the written notice, they sent an agent to make a second attempt to run the reaper. As they sent a person for the purpose it is fair to infer that they did so pursuant to notice, or if notice was not given in the precise way mentioned in the warranty, that it was waived.

We have given the testimony in this case the careful examination it demands and can find no error committed by the court below in its rulings and charge based upon the evidence submitted.

The judgment of the court below is therefore affirmed.