## Daniel C. Hunter, Appellant, *v.* Anna Voigt.

*Replevin—Right to possession—Legal title.*

D., owner and lessor of a piano, assigned his lease to H. in order that he might become surety for H. in an action of replevin which H. subsequently brought; just before trial H. reassigned to D.'s estate. *Held,* that plaintiff having divested himself of every semblance of right to possession 'was an absolute stranger to the title and verdict was properly directed for defendant.

*Evidence—Discretion of court—Latitude in cross-examination.*

The appellate court will not reverse even when the trial judge does not confine cross-examination strictly to matters stated in chief, unless discretion has been abused and it is apparent that the party has been injured.

Argued Oct. 4, 1898. Appeal, No. 13, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1896, No. 97, on verdict for defendant. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Replevin. Before BRÉGY, J.

It appears from the record that plaintiff, Daniel C. Hunter, issued a writ of replevin directed against Anna Voigt, the defendant, for a certain piano of the value of $200. Defendant entered a claim property bond and the piano was redelivered to her. The common declaration in replevin was filed to which defendant pleaded non cepit and afterward by leave of court the plea of property was added. At the trial counsel for plaintiff made a motion to amend the record by adding to the name of plaintiff the words "Trustee for George R. Fleming, Assignee of George E. Dearborn." On objection this was refused by the court. [4] Counsel for plaintiff asked leave to file a declaration of Daniel C. Hunter, the plaintiff, that he had no interest in the above case except as trustee for George R. Fleming, assignee of George E. Dearborn, who was entitled to all rights and benefits as the real owner of the interest and title under the contract of bailment, by which defendant received possession of the piano. This was also on objection refused by the court. [3]

It also appears from the evidence that the plaintiff, Daniel

C. Hunter, being on the stand, the following questions by defendant's counsel were permitted to be answered on cross-examination, objection of plaintiff's counsel being overruled. "Q. Is it not true that this piano was assigned to you in order that you might bring suit and Mr. Dearborn go as your security? A. Yes, sir. Q. Is it not a fact also that Mr. Dearborn's estate has an interest in this piano? (Objected to, objection overruled.) A. Yes, sir." [1] Also the following question: "Q. What interest have you in this piano and what interest has Mr. Dearborn? (Objected to, objection overruled.) Q. Have you a dollar's interest in it? A. The piano was assigned to me. Q. What is your interest and what is Mr. Dearborn's interest? A. I reassigned the piano to Mr. Dearborn's estate. Q. When did you do that? A. This morning. Q. Did you receive any consideration for that assignment? A. No, sir. Q. Did you pay any consideration for the assignment of the piano to you by Mr. Dearborn? A. I did not." [2]

The court charged the jury as follows: "The view of the law I take on this case is that the verdict should be for the defendant." [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) in overruling objection to the question of defendant's counsel on cross-examination of plaintiff, reciting same. (2) In overruling objection to question of defendant's counsel on cross-examination, reciting same. (3) In refusing to grant permission to file of record the paper declaring the plaintiff to be a trustee, reciting same. (4) In refusing the motion to amend the record, reciting same. (5) In directing a verdict for defendant, reciting same.

*Frederick J. Shoyer*, for appellant.—The entire and complete title under the contract of bailment was united in the plaintiff's case and should have unquestionably prevailed unless overcome by the case of the defendant: Harris v. Smith, 3 S. & R. 19; Jamieson v. Capron, 95 Pa. 15.

Replevin lies wherever one claims goods in possession of another and this whether the claimant has ever had possession or not, and whether his property in the goods be absolute or qualified, provided he has the right of possession: Ferguson v. Lauterstein, 160 Pa. 427; Nichol v. Abram, 7 Dist. Rep. 250.

. *Joseph T. Ford,* for appellee.—The plaintiff did not show a conclusive right in himself to possess and control the property and the defendant was entitled to a verdict: Reinheimer v. Hemingway, 35 Pa. 432.

OPINION BY RICE, P. J., November 14, 1898:

This was an action of replevin for a piano let by George E. Dearborn to the defendant under a contract of bailment which provided that upon default in the payment of instalments the lessor might retake possession.    The defendant gave bond and retained the piano and pleaded " non cepit " and "property." The only evidence of title offered by the plaintiff was an assignment to him of all Dearborn's right, title and interest in the lease.    Upon cross-examination the plaintiff admitted that the assignment was without consideration, that it was made in order that suit might be brought in his name and Dearborn act as his surety, and that he had reassigned the piano to the latter's estate.    Upon this showing the court correctly directed a verdict for the defendant.    The pleas imposed on the plaintiff the necessity of proving property, either absolute or qualified, in himself, and the right of immediate possession.    But by his own admission he had neither.    He had divested himself of whatever semblance of right the assignment of the lease gave him, and on the day of the trial was an absolute stranger to the property.    The legal title, the entire beneficial ownership, and the right of possession—assuming that the defendant was in default—were in Dearborn or his assignees for the benefit of creditors.    Hunter was in no sense a trustee, and the proposed amendment designating him as such would not have been in accordance with the fact.    Therefore, the court committed no error in refusing it.    Nor was there reversible error in permitting the defendant to draw out from the plaintiff under cross-examination the facts as to his title.    As we have suggested, these facts were pertinent to the issue, and although the cross-examination did not pertain strictly to what the plaintiff had testified in chief, still he might have been called by his adversary and compelled to disclose them.    While the general rule is, that cross-examination should be confined to the matters stated in the examination in chief, yet the authorities show, that in order to reverse for a seeming depar-

ture from this rule it must be an extreme case, in which discretion has been abused and in which it is apparent that the party has been injured: Jackson v. Litch, 62 Pa. 451; Bohan v. Avoca Borough, 154 Pa. 404; Osborne v. Walley, 8 Pa. Superior Ct. 193. This is certainly not such a case.

All the assignments of errors are overruled and the judgment is affirmed.