# Chippewa Lumber and Boom Company *v.* Howard, Appellant.

*Sale—Warranty—Implied warranty—Contract.*

Where a known described and definite article is ordered of a manufacturer, although it is stated to be required by the purchaser for a particular purpose, still if the known described and defined thing be actually supplied, there is no warranty that it shall answer the particular purpose intended by the buyer.

In an action to recover the price of lumber, it appeared that plaintiff wrote to defendant asking the price of a certain grade of lumber for box and crating purposes. Defendant replied that it did not have the grade inquired for, but that it had another kind, describing it as " the lowest grade of stock we make, and includes everything that is not good enough for a No. 4 or cull. The defect is principally soft rot and a great deal of it, but the price is correspondingly low, as you will notice." Defendant asked for a quotation for delivery at another point of the lumber mentioned in plaintiff's letter. The plaintiff replied, making a quotation, and saying, " The principal defect being, as we wrote you before, excessive rot." The defendant thereupon ordered the lumber, which was accordingly delivered. *Held,* that the correspondence disclosed no implied warranty that the lumber was fit for the purpose for which it was ordered.

Argued Oct. 25, 1901. Appeal, No. 198, Oct. T., 1901, by defendant, from order of C. P. No. 1, Phila. Co., March T., 1901, No. 2699, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Chippewa Lumber

and Boom Company v. C. B. Howard Company. Before
RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D.
PORTER, JJ.   Affirmed.

Assumpsit for goods sold and delivered.

Plaintiff's statement showed that the claim was for $251.25
for a carload of lumber sold and delivered in pursuance of the
following correspondence :

> " C. B. HOWARD COMPANY,
>      " 1510–1511 Land Title Building,
>           " PHILADELPHIA, PA., Feb. 26th, 1901.
> " CHIPPEWA LBR. & BOOM CO.,
>      " Chippewa Falls, Wis:
>      " Gentlemen : We have a customer who uses about 200,000
> feet per month of 4/4 white pine for box and crating purposes,
> most any length and 4″ and over wide.   What is the best price
> you can make us for such stock in good. 4/4 White Pine Mill
> Culls delivered to Emporium, Pa., via P. & E. Division of
> Penna. R. R., and about how will it average in width and length?
>      " Your prompt reply will greatly oblige,
>                          " Yours truly,
>                               " C. B. HOWARD CO."

> " CHIPPEWA LUMBER & BOOM CO.
>      " CHIPPEWA FALLS, WIS.
>           " Feb. 28th, 1901.
> " C. B. Howard Co.,
>      " Philadelphia, Pa.
>      " Gentlemen : In reply to your favor of the 26th inst., we
> regret having to say that we are at present completely out of
> the stock you inquire for.   We have some No. 5 boards and
> strips from 6′ to 20′ that we quote at $6.00 per M. F. O. B.
> Chippewa Falls.   This is the lowest grade of stock we make,
> and includes everything that is not good enough for a No. 4
> or cull.   The defect is principally soft rot and a great deal of
> it, but the price is correspondingly low, as you will notice.
>                          " Yours truly.
>                     " CHIPPEWA LUMBER & BOOM CO."

" C. B. HOWARD COMPANY,
" 1510–1511 Land Title Building,
" PHILADELPHIA, PA., March 11, 1901.
" CHIPPEWA LUMBER & BOOM Co.,
   " Chippewa Falls, Wis.

" Gentlemen : Referring to your favor of February 28th, we wish to ask if you can furnish us the No. 5 boards delivered at Johnsonburg, Pa. on the Phila. & Erie Division of Penna. R. R., at $12.50 per M. either rough or dressed, 4" and over wide, to be square edges and ends but other regular defects admitted.

" We have an order for a sample car and as per our original inquiry we will want considerable of this lumber if it proves satisfactory to our customer, and we are ordering a carload from Michigan, but wish to have some of your Wisconsin stock with which to compare it if you can make the price.

                    " Yours truly,
                       " C. B. HOWARD Co."


                 " CHIPPEWA LUMBER & BOOM Co.
                    " Chippewa Falls, Wis.
                       " C. B. HOWARD Co.,
" Philadelphia, Pa.

                                   Mar. 13th, 1901.

" Gentlemen : In reply to your letter of the 11th inst. we beg to state that our No. 5 stock is properly manufactured, the same as any other of our stock, being trimmed and edged in the same way as we trim and edge the balance of our stock, the principal defect being, as we wrote you before, excessive rot.   We would like to have you try a sample car as we think you can use the stock to advantage.   We will make the price $12.50 per M. at Johnsonburg, in the rough.   We would not want to dress these boards as they are in our retail yard, which is nearly a mile from our planing mill.   It would not, therefore, pay us to haul them to the planing mill to be dressed, as you will see.   We always ship them in the rough and so far as appearance is concerned we know that they look much better rough than dressed.

                    " Yours truly,
                 " CHIPPEWA LUMBER & BOOM Co.,
                    (Signed)      " ROBERT STARRS."

426    CHIPPEWA L. & B. CO. *v.* HOWARD, Appellant.

Statement of Facts—Opinion of the Court. [18 Pa. Superior Ct.

"C. B. HOWARD COMPANY,
"No. 1510–1511 Land Title Building,
"PHILADELPHIA, PA., Mar. 15th, 1901.
"CHIPPEWA LUMBER & BOOM CO.,
"Chippewa Falls, Wisc.

"Gentlemen: Please ship to us at Johnsonburg, Pa., a sample car of your No. 5 Pine Boards per your letter of 13th inst. Kindly make an immediate shipment, $12.50 per M. delivered in the rough.

"Advise about how long it will take car to come through and how much of this stock you can furnish at same price delivered for shipment during the year.

"Yours truly,
"C. B. HOWARD CO."

The defendant filed an affidavit of defense in which it averred that there was an implied warranty that the lumber was fit for the purpose for which it was ordered.

The court made absolute a rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Samuel Gustine Thompson*, for appellant.—The correspondence showed an implied warranty: Murray v. Smith, 4 Daly (N. Y), 277; Park v. Morris Axe and Tool Co., 4 Lansing (N. Y), 103; Edwards v. Hathaway, 1 Phila. 547; Port Carbon Iron Co. v. Groves, 68 Pa. 149; Holloway v. Jacoby, 120 Pa. 583; Holt v. Pie, 120 Pa. 440; Park Fire Clay Co. v. Ott, 36 W. N. C. 105; Groetzinger's Sons v. Cann & Co., 165 Pa. 578.

*J. S. Williams*, of *Williams & Tatem*, for appellee, cited: Whitaker v. Bastwick, 75 Pa. 229; Houston v. Cook, 153 Pa. 43; Jarecki Mfg. Co. v. Kerr, 165 Pa. 529; Seitz v. Brewers Refrigerating Machine Co., 141 U. S. 510; Port Carbon Iron Co. v. Groves, 68 Pa. 149.

PER CURIAM, November 18, 1901:
It is argued by the appellant's counsel that this case falls

within the principle that if an article is ordered for a special purpose there is an implied warranty that it is fit for that purpose.  But it does not necessarily and always follow that the seller warrants the fitness of the article ordered because he knows the purpose for which the buyer intends to use it.  The principle relied on by the appellant's counsel does not apply where a special thing is ordered although intended for a special purpose : Port Carbon Iron Co. v. Groves, 68 Pa. 149.  Where a known discribed and definite article is ordered of a manufacturer, although it is stated to be required by the purchaser for a particular purpose, still if the known described and defined thing be actually supplied, there is no warranty that it shall answer the particular purpose intended by the buyer: Jarecki Mfg. Co. v. Kerr, 165 Pa. 529.  See also Haines, Jones & Cadbury Co. v. Young, 13 Pa. Superior Ct. 303, and cases cited.  The principle of implied warranty is based to a large extent upon the supposed confidence of the buyer in the judgment of the manufacturer, but where he is informed of the quality of the article which the manufacturer is to furnish he takes upon himself the risk of its effecting its purpose.  Here the thing complained of is that the lumber ordered was unfit, by reason of its rottenness, for the purpose for which it was intended to be used; but it would seem plain from the correspondence that the defendant took the risk of this ; for in its letter of February 28, the plaintiff informed the defendant of this defect.  The language of its letter is : " This is the lowest grade of stock we make, and includes everything that is not good enough for a No. 4 or cull.  The defect is principally soft rot and a great deal of it, but the price is correspondingly low as you will notice."  Again in its letter of March 13, the plaintiff wrote, " the principal defect being, as we wrote you before, excessive rot."  With this notice of the quality of the lumber we do not see how the defendant can allege an implied warranty.  The defendant bought an article fully described and so far as appears, correctly described.

Judgment affirmed.