## Hagen Company, Appellant, v. Greenwood.

*Contract—Parol evidence—Explanation of subject-matter.*

Where a written agreement for the sale of a laundry dryer contains the words, "Terms: Dryer, net sixty days," and the parties differ as to their meaning, parol evidence is admissible to explain them. In such a case the parol evidence does not vary or contradict the written instrument.

*Contract—Sale—Machine.*

In an action to recover the price of a machine where the evidence shows that the machine, known and understood by a previous inspection of one of like character, was purchased upon trial and developed in that trial such structural defects as could not be remedied, and that the machine was thereby rendered worthless for the purposes for which it was sold and bought, the case is for the jury and a verdict and judgment for plaintiff should be sustained.

*Practice, C. P.—Affidavit of defense—Trial.*

No use can be made of an affidavit of defense at the trial, unless the affidavit has been offered in evidence.

Argued Nov. 21, 1904. Appeal, No. 1, Oct. T., 1904, by plaintiff, from judgment of C. P. Chester Co., Aug. T., 1902, No. 75, on verdict for defendants in case of A. T. Hagen Company v. Walter E. Greenwood and S. M. Greenwood, trading as Coatesville Steam Laundry. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for a machine sold and delivered.   Before HEMP-HILL, P. J.

At the trial it appeared that the order for the machine was as follows :

" SALESMAN'S ORDER BLANK.

Order No.   .   .   .                                      May 5, 1902.

A. T. Hagen Co., Rochester, N. Y.  ·   ·

Ship to Coatesville Steam Laundry, Coatesville, Pa.
via Lehigh Valley.

Quantity.

| | | |
|---|---|---|
| 1 Automatic Conveyor Dryer, net, | . . | $600.00 |
| 1 Faultless Eyelet Raiser, | . . . . | 6.00 |
| 1 No. 1 Anderson Steam Trap, | . : . | 15.38 |
| | 20.50 | |
| less 25 per cent., | 5.12 | |

Terms—Dryer, net 60 days.

Eyelet Raiser 2 per cent. 10, or net 30.

Remarks: Ship May 15, dryer and trap, eyelet raiser at once.

Purchaser, Coatesville Steam Laundry.

·" GREENWOOD BROS.

" W. S., Salesman."

The defendants offered testimony which tended to show that the words " Terms : Dryer, net sixty days," meant that the defendants were to have sixty days to try the machine, as well as sixty days to pay for it.   Objection was made to the testimony on the ground that it was an attempt to contradict a written instrument.   The objection was overruled. [1–4]

The defendants also offered testimony which tended to show that the machine on the trial developed a structural weakness which could not be remedied, and that this made it useless for the purpose for which it was sold and bought.

Verdict and judgment for defendants.   Plaintiff appealed.

*Errors assigned* were (1–4) rulings on evidence, quoting the bill of exceptions ; (8) instructions quoted in the opinion of the Superior Court.

*George B. Johnson,* for appellant.—There is not a syllable of evidence in this case bringing it within the exceptions of

fraud, accident or mistake, to the rule of "manent litteræ scriptæ," or supporting the allegation that the signing of the written contract was induced by a verbal one : Wodock v. Robinson, 148 Pa. 503.

It was admitted that the machine in suit was purchased, after inspection of one of the same 'make in successful operation ; that it complied exactly with the written order and specifications when it, by delivery, became the property of the defendants, and that it operated properly when first set up in defendants' laundry. This case is similar in all respects to that of Jarecki Mfg. Co. v. Kerr, 165 Pa. 529.

*J. Frank E. Hause*, with him *Walter E. Greenwood*, for appellee.—Defendants were entitled to a dryer that would do the work for which it was made, and so this court has declared in principle : Osborne Co. v. Walley, 8 Pa. Superior Ct. 193.

In the trial of a cause, if the plaintiff desires to use the affidavit or affidavits of defense as a matter of evidence, he must offer them as part of the testimony to support his contention, and in the absence of such offer, no use of them can be made : Mullen v. Ins. Co., 182 Pa. 150.

OPINION BY BEAVER, J., January 17, 1905 :

There was no attempt to alter, vary or contradict by parol evidence, the terms of the written agreement for the sale of the laundry dryer made by the plaintiff to the defendants. The effort was to show what was the meaning of the phrase " Terms : Dryer, net sixty days." The testimony of the defendants was that this phrase, based upon the verbal understanding reached by the parties at the time the agreement was executed meant that the defendants should have sixty days within which to test and pay for the machine. The plaintiff, on the other hand, contended that it related solely to the time of payment.

This comes within the rule of Barnhart v. Riddle, 29 Pa. 92, and the long line of cases following, in which the clear distinction is made between the parol evidence offered to contradict or vary the terms of a written instrument and that which explains its subject-matter. See Leggoe v. Mayer, 2 Pa. Superior Ct. 529.

With this distinction clearly in mind, it is unnecessary to

discuss at length the first and second assignments of error which relate to the admission of parol testimony, the third in which the motion to strike out the testimony admitted was overruled, and the fourth, fifth and seventh, which related to the answers of the court to the defendants' points for charge. The first and second points, contained in the fourth and fifth specifications of error, were affirmed as general legal principles but declared to be inapplicable to the case then trying, and the seventh was the refusal of the fourth point for charge that "There is not sufficient evidence in this case, of fraud, accident or mistake, to vary or contradict the terms of the written contract admitted between the parties, and the verdict should be for the plaintiff." Inasmuch as there was no offer to vary or contradict the terms of the written contract, the latter point was properly refused and none of these several specifications is sustained.

The question of fact left by the court to the jury was not whether or not the drying machine delivered by the plaintiff to the defendants would properly do its work, which the defendants had a right to expect and rely upon because of an implied warranty, but whether or not there was a structural weakness in the machine itself which was of such a character as to prevent it from doing its work. The real point in the case was touched in the charge of the court, in which it is said: "The question, it seems to me, perhaps the most material and important question of all, is why did it not perform its work in an efficient and satisfactory manner? Was it by reason of any fault on the plaintiff's part or was it by reason of default on the part of the defendant? The defendant says that it was the structural weakness that caused this unsatisfactory working of the machine; that the roof, which was formed in two parts where connected in the centre and where the fan shaft ran, was so weighted on top, or by the fan, if that bore on it (I do not know whether it did or not, you will recollect), but from some cause or other it was so weak in the centre that it drew the roof down, two witnesses said, one and one-half inches— two experts on the stand—machinists who made the examination—drew it down one and a half inches from the level, and one I think testified to as much as two inches." This, as was made clear by the charge of the court, was the pivotal question in the case and it was fairly submitted to the jury under proper

instructions, the contention of both the defendants and the plaintiff in that regard being fully set forth.

This is a very different proposition from what is stated in the appellant's statement of questions involved—" Whether the trial court has a right to charge in substance that in every sale of machinery f. o. b. in a foreign state there must of necessity be an implied guaranty that it is ' fool proof ' and will do all kinds of work efficiently and satisfactorily under the care of untrained help, regardless of misuse or abuse." This statement was as unfair to this court as it was disrespectful to the court below. It is true that the court did say : " It seems to me also that it is not particularly material what conclusion you reach as to whether they were to have sixty days in which to test it or not. I think there is a more important point which comes later, and that is as to the efficiency of the machine, because whether they had sixty days, thirty days, or a year, they were entitled to have what they bought, and the machine they bought must have been reasonably efficient and suitable for the purpose for which it was intended and purchased, so that, as I say, is a question to be reached later, and it seems to me more important than determining whether sixty days was merely for the purpose of permitting payment, or for payment and testing of the machine until they were satisfied with it," and if this stood alone, it might possibly be construed into a declaration by the court that there was an implied warranty that the machine would do its work which perhaps, under the facts in this case, might be seriously questioned, inasmuch as it was alleged that the defendants had seen one of the plaintiff's machines in operation and based their order upon their inspection of that machine ; but, in view of what the court subsequently said as to the real question involved, namely, the structural weakness of the machine, it is clearly apparent that this part of the charge referred to the alleged fundamental defect in its construction and not to any implied warranty that it would do its work.

Taking the charge as a whole, it is clear that the court did not regard this case as coming within the rule of an implied warranty as laid down in Warder v. Blair, 4 Penny. 182, and Osborne v. Walley, 8 Pa. Superior Ct. 193 ; nor as coming within the principle laid down in Seitz v. Brewers' Refrigerating Machine Co., 141 U. S. 510 (12 Sup. Ct. Repr. 46), that,

" When a known, described, and, definite article is ordered by a manufacturer, although it be stated by the purchaser to be required for a particular purpose, yet if the known, described and definite thing be actually supplied, there is no warranty that it shall answer the particular purpose intended by the buyer." See also Chippewa Lumber & Boom Co. v. Howard, 18 Pa. Superior Ct. 423; but as belonging to a third exceptional class in which a machine, known and understood by previous inspection of one of like character, was purchased upon trial and developed in that trial such structural defects as could not be remedied, and which was thereby rendered worthless for the purposes for which it was sold and bought.

If the inherent defects evidently found by the jury to exist could have been remedied by the defendants it was their duty to do so, and they would have been entitled to deduct from the price of the machine the cost of making the changes necessary to remedy the defects. This question, however, was not raised in the court below and need not be discussed here.

The plaintiff's point contained in the sixth specification of error that, " Where the defendant does not allege a defense or a parol contract to contradict his admitted written one in his affidavit of defense but does so in a supplemental affidavit, after a rule for judgment is taken, such a course is suspicious and requires that the new defense should be closely scrutinized," was very properly refused, inasmuch as the affidavits of defense were not in evidence. The authorities cited by the appellant to sustain this point relate entirely to cases in which the court passed upon the sufficiency of affidavits of defense and have no application to the case in hand.

The eighth assignment of error might be disregarded as being in violation of our rule 14 which provides that " Each error relied on must be assigned particularly by itself. If any assignment embrace more than one point or refer to more than one bill of exceptions or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged." We have preferred, however, to consider the first two propositions therein contained under the other questions in the case and to regard and discuss paragraph (c) as the only question involved in this specification.

What has been said sufficiently disposes of all the questions raised by the specifications of error, none of which can be sustained.

Judgment affirmed.