# McIvor, Appellant, *v.* Hynes.

*Contracts—Written admission of liability—Evidence—Contradiction by parol—Judgment for plaintiff n. o. v.*

In an action on a judgment note upon which judgment had been entered and subsequently opened, it appeared that defendant was the record owner of certain real estate belonging to plaintiff, and had executed an unrecorded declaration of trust in her favor, and that defendant had raised money upon the security of mortgages on the said property. Plaintiff claimed that defendant received for his own use the money so borrowed and that the judgment note had been given to secure the repayment thereof and the faithful performance of the declaration of trust. Defendant claimed that the money raised upon mortgage had been paid over to plaintiff but his testimony was contradicted by written statements which he had made corroborating plaintiff's version of the transaction. The trial judge submitted the case to the jury which found a verdict for defendant upon which judgment was entered. *Held,* that in the absence of evidence that defendant had executed the writings through fraud, accident or mistake, he should not have been allowed to contradict them by parol and judgment was entered for plaintiff n. o. v.

Argued Jan. 6, 1915.    Appeal, No. 146, Jan. T., 1914, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., March T., 1913, No. 3423, on verdict for defendant, in case of Margaret McIvor v. Edward J. Hynes.    Be-

1915.]     Assignment of Error—Opinion of the Court.

fore Brown, C. J., Potter, Elkin, Stewart, Moschzisker and Frazer, JJ.  Reversed.

Assumpsit on a judgment note.  Before Sulzberger, P. J.

The opinion of the Supreme Court states the facts.

Verdict for defendant and judgment thereon.  Plaintiff appealed.

*Error assigned,* among others, was in refusing binding instructions for plaintiff.

*Francis B. Bracken,* of *Loughlin & Bracken,* for appellant.

*Edmund Randall,* with him *James A. Flaherty,* for appellee.

Opinion by Mr. Chief Justice Brown, March 22, 1915:

Margaret McIvor, the appellant, entered a judgment for $7,000 in the court below against Edward J. Hynes, the appellee, on a note containing a warrant of attorney authorizing the entry of it.  The judgment was subsequently opened upon the petition of the defendant, and, in the issue to determine whether he was indebted to the plaintiff in any sum secured by his said note, a verdict was returned in his favor.  On this appeal from the judgment on it appellant's main complaint is of the court's refusal to instruct the jury that she was entitled to recover $2,500 with interest, the amount she claimed to be due her on the defendant's note.

The facts involved in this controversy are somewhat peculiar.  On August 12, 1904, the appellant purchased a property situated on Race street, in the City of Philadelphia.  Instead of taking the title in her own name, the conveyance was made to the appellee, and on August 31, 1905, he executed a declaration of trust, in which he

certified that he held the title in trust for the appellant, and that he had no beneficial interest in the property, which had been paid for with her moneys. This declaration was not recorded until April 17, 1913,—nearly eight years after its execution. With this state of the record, the appellee executed and delivered his judgment note to the appellant. According to her testimony, corroborated to some extent by two witnesses, the bond was given under the following circumstances: The appellee called on the appellant in February, 1910, and telling her that he was pushed for a debt, asked that he might borrow $2,500 on a mortgage on her property, to which he held the recorded legal title. There was then a mortgage against it of $6,000. The appellant at first demurred, but finally, after consulting with her brother, agreed that the $2,500—which the appellee said he needed—might be raised on a mortgage on the property, and shortly thereafter he placed two mortgages upon it, one for $7,000 and the other for $1,500, out of the proceeds of which the mortgage for $6,000 was paid off, and the balance, $2,500, less commissions and expenses incident to the creation of the two loans, was paid over to the appellee, who immediately executed and delivered to the appellant his judgment note for $7,000. It was given in that sum not only to secure the payment of the $2,500, but for the faithful performance of his unrecorded declaration of trust. He admitted the execution of the two mortgages amounting to $8,500, but denies that he ever asked the appellant to permit the property to be mortgaged for $2,500 for his benefit, and, while admitting that he received the $2,500 of the mortgage loan, testified that, as soon as he got the money, he handed it over to Edward J. McIvor, the brother of the appellant, who acted as her representative in the transaction of business for her. McIvor, on the other hand, testified that the appellee got the money. If the foregoing were all that appeared on the trial of the issue, the question whether the appellee owed anything to the appellant

would undoubtedly have been for the jury; but, in view of certain written evidence which the appellee failed to explain, the prayer of the appellant for binding instructions in her favor should have been granted.

The appellee admits that he executed the judgment bond, and does not aver that any fraud was practiced upon him in procuring its execution, or that it was executed by accident or mistake. His explanation of how he happened to sign the note appears in the following from his testimony: "I was in the office one day and he (McIvor) got me to sign this note. He put it before me, and I looked at it, and I said, 'What does this mean?' He says, 'This is only a matter of form, Ed. You are holding this property in your name, in case anything should happen to you or you would die, I would be protected.' Under those conditions I signed the note." At this time the declaration of trust had not been recorded, and McIvor was looking after his sister's interests. Appellee's statement of the circumstances under which he signed the bond, together with his denial of his retention of the $2,500, might have been sufficient to send the case to the jury, but, in view of papers subsequently signed and delivered by him, in which he unequivocally admitted his liability on his judgment note, the submission of that question to the jury was manifest error. Within a very short time from his execution and delivery of the note to the appellant he executed and gave her a paper of which the following is a copy: "This is to certify, that, Whereas, I, the undersigned, Edward J. Hynes, of the City of Philadelphia, do hold in trust for Margaret McIvor, of said city, a certain property situate on the south side of Race street east of 20th street in the 10th ward of city aforesaid as by my declaration of trust to said Margaret McIvor, dated the 31st day of August, A. D. 1905, will more fully appear, and whereas said premises was subject to a mortgage of $6,000, and whereas I have requested from said Margaret McIvor a loan of $2,500 and that in order to ac-

commodate me she the said Margaret McIvor consented to allow me to negotiate two mortgages, viz: one for $7,000 to Jennie L. Webster and the other for $1,500 to the Belmont Building and Loan Association from which amounts the said $6,000 mortgage was paid off and satisfied I receiving the balance less some accrued interest and the charges of negotiating loan, title and fire insurance which I assumed, and in order to secure the said Margaret McIvor for the said loan and the faithful performance of my aforesaid declaration of trust, I did on the tenth day of March, A. D. 1910, execute and deliver to the said Margaret McIvor a judgment note for seven thousand ($7,000) dollars and in the event of my default in the payment to said Margaret McIvor of $2,500 on or before the first day of March, A. D., 1913, and the violation of the said trust or any act done by me to endanger the safety of aforesaid trust then the full amount of said note is due and payable to said Margaret McIvor, her heirs or assigns. (Signed) Edward J. Hynes." According to the testimony of the appellant, this paper was prepared at the time the judgment note was signed, for the purpose of explaining the transaction, and appellee told her he would sign it when he got the money. This he did; but the foregoing paper is not the only unequivocal written evidence that he owes the appellant the sum which she claims to be due her, for, on October 28, 1912, he executed another paper, of which the following is a copy: "To All to Whom These Presents Shall Come: I, Edward J. Hynes, of the City of Philadelphia, send greeting: Whereas, Margaret McIvor, of said city, did on or about the 8th of August, A. D. 1904, place in my hands the sum of $2,029.79 for the purpose of depositing it with the Land Title and Trust Company of said city, to be applied in the settlement for the purchase of premises 1928 Race street, city aforesaid, in my name, but in trust for her, I agreeing to execute a declaration of trust to her which I did on or about the 31st day of August, A. D. 1905. That in

March, 1910, I requested from said Margaret McIvor a loan of $2,500, stating that I would give her good security, together with six per cent. interest and that it could be negotiated upon the above property, and she finally consented and the loan was obtained by increasing the encumbrances upon the property from $6,000 to $8,500. That on or about March 10th, 1910, I executed a judgment note for $7,000, as security for said loan, and the faithful performance of aforesaid trust as set out in a statment signed by me which I gave to said Margaret McIvor after the settlement. That I paid $200 interest on said loan, being the amount of my bill for painting done at No. 5116 Baltimore avenue, which I got credit for, by the said Margaret McIvor and which is in full for all work done and labor and material furnished on said Baltimore avenue property. In witness whereof I have for myself, my heirs, executors, administrators, or assigns set my hand and seal this 28th day of October, A. D. 1912. Edward J. Hynes. (Seal.) Witnessed by P. L. Fahy." The appellee did not pretend on the trial that any fraud had been practiced upon him in procuring the two papers from him, or that he had executed either of them through accident or mistake. On the other hand, it was affirmatively shown by a witness called by the appellant that he read the first before signing it, and the subscribing witness to the second testified that, after he had read it over, he said it was all right. In the face of these two written admissions by the appellee of his liability on the note, deliberately made after he had executed it, and in view of the fact that his testimony was, as the trial judge correctly instructed the jury, "totally without corroboration by living persons," we are unable to understand why the jury were permitted to find a verdict in his favor. None of the irrelevant and immaterial matters brought out on the trial—largely in replies to questions put by the court—tend in any manner to relieve the defendant from the written liability which confronted him. The duty of

the court was to say to the jury that his own unexplained written admissions concluded him. His mere unsupported allegation that he did not get the money from the appellant was unavailing in the face of his writings, and the jury should have been so instructed: Phillips v. Meily, 106 Pa. 536; Fuller v. Law, 207 Pa. 101; Faux v. Fitler, 232 Pa. 33.

The second assignment of error is sustained, as is the first, and the judgment reversed, with direction that the record be remitted and judgment entered for the plaintiff non obstante veredicto.