## Jiles, Appellant, *v.* Jiles.

*Gift—Gift inter vivos — Husband and wife — Constructive delivery.*

To constitute a valid gift inter vivos, the purpose of the donor to make the gift must be clearly and satisfactorily established, and the gift must be completed by actual, constructive, or symbolical delivery, without power of revocation. Between a husband and wife a constructive delivery is sufficient to complete the gift.

Where a husband who has left his wife, promises to give her all the household furniture in the house belonging to him in which she is living, if she will take him back, and she does take him back, the delivery of the furniture is constructive, and the gift of it complete.

In an action of replevin by a husband against his wife to recover household furniture, which the wife claims as a gift from her husband, where the evidence is conflicting, and the trial judge leaves the question of the value of the goods and punitive damages to the jury, and the jury returns a verdict for the wife in a sum stated for the value of the furniture, with an additional amount for punitive damages, the court, on a motion for a new trial and for judgment n. o. v., cures whatever error was committed in submitting the question of punitive damages upon insufficient evidence by directing a remittitur to be filed for that item.

Argued May 2, 1916.  Appeal, No. 152, April T., 1916, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1915, No. 139, on verdict for defendant in case of William H. Jiles v. Adelaide G. Jiles.  Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Replevin for household goods. Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,500 for the value of the goods and for $500 as punitive damages which were remitted. Defendant appealed.

*Errors assigned* were in refusing binding instructions for plaintiff, in refusing judgment for plaintiff n. o. v., and in making the order as to the remittitur of the punitive damages.

*F. C. McGirr,* with him *D. C. Reardon,* for appellant. —We submit the following authorities in support of our proposition that the evidence in this case does not show a completed gift, nor one accepted by the donee: Schomaker v. Schomaker, 247 Pa. 444; Campbell's Est., 7 Pa. 100; Zimmerman v. Streeper, 75 Pa. 147; Schiehl's Est., 179 Pa. 308; Scott v. Lauman, 104 Pa. 593; Miller v. Hartle, 53 Pa. 108.

*Ernest C. Irwin,* with him *Watson & Freeman,* for appellee.—The evidence is fully sufficient to show delivery of the goods to the wife and an acceptance by her of the gift: Gamber v. Gamber, 18 Pa. 363; Wieman v. Anderson, 42 Pa. 311.

OPINION BY WILLIAMS, J., October 9, 1916:

Appellant sued his wife in replevin to recover household goods and furniture. She was living in a house belonging to the husband and in possession of the goods. After the writ issued, she being unable to give bond, the goods were delivered to the husband. At the trial it was shown that the husband claimed title because he had bought and paid for the goods. The wife claimed that he had made a gift of them to her in 1912 under these circumstances. In July, 1912, they separated—he returned and asked her to take him back and if she would, he

would give her everything in the house. She did take him back and they remained together until May, 1913, when he again left. She had filed a bill in equity for the appointment of a trustee to take charge of his estate but abandoned it. In the bill she alleged that the goods in suit belonged to the husband. She testified at the trial that after their reconciliation in July, 1912, she considered the furniture as much his as hers, until he deserted her in 1913; that it was to be for the house and neither must take it away. She also filed a petition to have the writ of replevin stricken off for want of jurisdiction, alleging that the goods were the property of both husband and wife and not subject to replevin.

The questions whether there had been a gift to the wife, and the effect of the pleadings as a contradiction of her testimony were left to the jury, together with the question as to whether, if they found for her, they should also find punitive damages. The jury found for the defendant in the sum of $1,500 and added $500 for punitive damages. On motions for a new trial and for judgment n. o. v. the court ordered a stipulation filed releasing the punitive damages and entered judgment on the verdict in the sum of $1,500 for the defendant. From that judgment the appeal was taken.

The assignments of error raise three questions: (1) Was there sufficient evidence to establish a gift of the furniture to the defendant? (2) Was the probative effect of the pleadings filed in the bill in equity and in this suit for the jury? (3) Did the court, in leaving the question of punitive damages to the jury, so prejudice the plaintiff's case as to warrant a reversal?

The principal objection made to the completeness of the gift is that there was no delivery sufficient to satisfy the definition of a gift inter vivos. It is said in 20 Cyc. 1193: "To constitute a valid gift inter vivos, the purpose of the donor to make the gift must be clearly and satisfactorily established, and the gift must be complete by actual, constructive or symbolical delivery, without

power of revocation." The evidence, if the jury believed the defendant's witnesses, was sufficient to establish a completed gift. The delivery was constructive. Between a husband and wife a constructive delivery is sufficient to complete the gift: Gamber v. Gamber, 18 Pa. 363; Wieman v. Anderson, 42 Pa. 311, even as against creditors of the husband where there has been a transfer of title by the husband to the wife: Skinner v. Kroh, 4 Penny. 204; Huffman v. McIlvaine, 13 Pa. Superior Ct. 108. In this case there was more than a promise to give in the future, such as was made in Schomaker v. Schomaker, 247 Pa. 444; here there was a direct and present gift of the property.

Whether the pleadings were contradictory was a question for the jury: Floyd v. Kulp Lumber Co., 222 Pa. 257.

The court, in its opinion refusing judgment n. o. v., conceded that it had improperly left to the jury the question of punitive damages, as there was no evidence to sustain such a finding. This error was cured in so far as the court was able by the filing of the stipulation remitting damages for that item. In Cox v. Burdett, 23 Pa. Superior Ct. 346, the jury rendered a verdict which admittedly included punitive damages. This court modified the judgment to the amount which was concededly punitive damages and allowed the judgment to stand as to the remainder. There is little distinction in principle between that case and this. The defendant produced testimony to prove her title to the goods; this testimony was contradicted by the plaintiff; the jury then had to determine between them. The credibility of the witnesses as well as the weight of the evidence was for the jury. The question of whether the jury should give punitive damages could not affect the credibility of the witnesses. The finding, therefore, was conclusive of the parties' rights in the goods.

The case of McIvor v. Hynes, 248 Pa. 544, is distinguishable on the ground that the writings in that case

were of a dispositive nature and so subject to a different rule from those that are not, as was pointed out by Justice STEWART in Floyd v. Lumber Co., supra (p. 270).

The assignments of error are overruled and judgment affirmed.