[No. 19385.   In Bank.—January 5, 1895.]

JOHN D. WORKS ET AL., RESPONDENTS, *v.* GEORGE
A. MERRITT, APPELLANT.

ASSIGNMENT OF OPEN ACCOUNT—RIGHT OF COLLECTION.—The written as-
signment of an open account vests in the assignee the legal right to
collect the same, whether such assignment is in absolute ownership, or
for the mere purpose of collection, either as agent of the assignor, or as
security for the performance of an obligation to the assignor from the
assignee.

ID.—EFFECT OF ASSIGNMENT AS SECURITY—POWER COUPLED WITH IN-
TEREST.—In case of the assignment of an open account as security for
money paid by the assignee for the benefit and on account of the
assignor, the power of collection by the assignee is so coupled with an
interest in the account as to prevent the assignor from doing any act
to impair the rights of the assignee to collect the account for his reim-
bursement, and it is not competent for the assignor to deprive the
assignee of this right, either by collecting the account, or by assigning
it to another person, who has knowledge of the previous assignment.

ID.—MORTGAGE OF PERSONAL PROPERTY — CONSTRUCTION OF CODE. —
Under section 2924 of the Civil Code a mortgage may be made by a
transfer of an interest in any personal property, other than in trust,
made only as security for the performance of another act, and the power
to mortgage personal property, without a transfer of possession, is not
confined or limited to the articles enumerated in section 2955 of the
Civil Code.

ID.—FORMALITIES OF CHATTEL MORTGAGE—VALIDITY AGAINST SUBSEQUENT ·
PURCHASERS AND ENCUMBRANCERS.—The provisions of section 2957 of
the Civil Code, declaring that a mortgage of personal property is void
as against creditors of the mortgagor and subsequent purchasers and
encumbrances in good faith, unless the formalities therein prescribed
are complied with, are not limited to chattel mortgages upon property
enumerated in section 2955, but apply generally to any mortgage of
personal property; and any such mortgage is good as between the
parties and as against subsequent purchasers and encumbrancers with
notice, though not executed with the formalities required for a chattel
mortgage.

ID.—ASSIGNMENT OF ACCOUNTS—RESERVATION OF RIGHT TO COLLECT—
BURDEN OF PROOF.—Where an assignment of accounts is made by a
corporation reserving a right to collect a certain sum to use in its
business, the burden of proof is upon a subsequent assignee of the cor-
poration with notice of the rights of the prior assignee to show that
the corporation had not collected the sum reserved.

ID.—ASSIGNMENT OF MONEYS RESERVED.—A reservation of moneys in an
assignment of all the accounts of a corporation, which is limited to a
sum to be collected by it, does not confer a right upon the corporation
to make a subsequent assignment of the accounts.

APPEAL from an order of the Superior Court of San Diego County denying a new trial.

The facts are stated in the opinion of the court.

*Luce & McDonald,* for Appellant.

*M. S. Babcock,* and *Works & Works,* for Respondents.

HARRISON, J.—On the 5th of February, 1891, the defendant was indebted to the Story and Isham Commercial Company, a corporation, in the sum of five hundred and twenty-five dollars for merchandise sold and delivered to him by it, and on that day the corporation, by an instrument of writing, assigned the indebtedness to Mrs. Adella B. Story as security for money paid, and by said instrument agreed to be paid, by her for the benefit and account of the corporation. This instrument is set out at length in the case of *Story & Isham Commercial Co.* v. *Story,* 100 Cal. 30. After this assignment the defendant gave to Mrs. Story his promissory note for the amount, which she accepted in full payment for the account, and gave to the defendant a receipt acknowledging its payment. Prior to giving this note the corporation executed an assignment of the claim to one Miller, who afterwards assigned it to the plaintiffs, which assignment was for a valuable consideration, and the defendant had notice thereof at the time that he executed the note to Mrs. Story. The plaintiffs and their assignor had notice also of the assignment in February to Mrs. Story. This action was brought to recover from the defendant the amount of said indebtedness. The court below held that there had been no assignment to Mrs. Story, and gave judgment in favor of the plaintiffs, and the defendant has appealed from an order denying his motion for a new trial. The respondents seek to sustain the decision upon the ground that, as the account was assigned to Mrs. Story only as a security, the title still remained in the corporation (Civ. Code, sec. 2888), and that the corporation still had the power of

disposing of the account. It is also claimed by the respondents that the account was not "pledged" to Mrs. Story, for the reason that she did not take possession of it, and that, as the assignment was not executed with the formalities required for a chattel mortgage, no lien was created in her favor.

There can be no physical possession of an open account, but its assignment by an instrument of writing will vest the assignee with the legal right to collect the same, whether such assignment be an absolute ownership, or for the mere purpose of collection, either as agent of the assignor, or as security for the performance of an obligation from the assignor to the assignee, and in the latter case the power of collection will be so coupled with an interest in the account as to prevent the assignor from doing any act to impair the rights of the assignee to collect the account. At the time that the account of the defendant was assigned to Mrs. Story the corporation was indebted to her, and, as a further consideration for the assignment, she obligated herself to pay the indebtedness of the corporation, and thereby acquired the right to collect the accounts assigned to her as security therefor. After thus conferring upon her an interest in these accounts, and the right to collect them for her own reimbursement, it was not competent for the corporation to deprive her of this right, either by collecting the account itself, or by an assignment to another who had knowledge of the previous assignment to her.

The provision in section 2924 of the Civil Code that "Every transfer of an interest in property other than in trust, made only as a security for the performance of another act, is to be deemed a mortgage," does not limit the right of the owner of personal property to transfer the same by way of mortgage to the articles enumerated in section 2955 of the Civil Code. The right to deal with property and to make a qualified or absolute transfer of it is an essential element of ownership, and may be exercised to the fullest extent, unless there is some

statutory restriction of such right. (Civ. Code, sec. 679.) There is no express restriction in the statutes of this state against making a mortgage upon any kind of personal property, and the comprehensive provision in section 2924 indicates that the term "mortgage" embraces "*every* transfer made only as a security for the performance of another act," whether the transfers are those for which specific provision is made in other parts of the code, or such as rest upon the natural right of individuals to deal with their property as they choose. Section 2955, in which provision is made for mortgages upon personal property, does not in terms restrict the right to make such mortgage upon the property therein enumerated, and the general provision in section 2957 that "*a* mortgage of personal property" (that is, *any* mortgage of personal property) "is void as against creditors of the mortgagor and subsequent purchasers and encumbrancers in good faith," unless certain formalities are complied with, is of universal application, and is not limited to mortgages upon property enumerated in section 2955. (See, also, *Gilman* v. *Curtis*, 66 Cal. 116; *Tregear* v. *Etiwanda Water Co.*, 76 Cal. 537; 9 Am. St. Rep. 245; *Chittenden* v. *Pratt*, 89 Cal. 178.)

It was incumbent upon the plaintiffs, and not the defendant, to show that the corporation had not collected the two thousand dollars which it had reserved the right to use in its business. The assignment to Mrs. Story included all the accounts, and it was for the plaintiffs to show that this was within the exception. The reservation of two thousand dollars was, moreover, limited to moneys that might be *collected* by it, and did not confer the right to make an assignment of the accounts.

The order is reversed.

Garoutte, J., De Haven, J., Fitzgerald, J., and McFarland, J., concurred.