# Wilhelm's Case.

*Attorney-at-law — Disbarment — Appropriation of client's money—Inciting feeling against court in public address—Statute of limitations—Laches—Continuance — Discretion of court — Privileged communication—Reinstatement—Appeal—Review.*

1. An attorney-at-law may be disbarred where it appears that he retained and used money which he had collected for a client, and

refused to return it when demand was made upon him. The fact that the money was paid back before the rule for disbarment was acted upon, does not wipe out the offense.

2. The fact that a rule for disbarment is allowed to rest for five years, and the attorney suffered to continue his practice, is not ground for reversing the final action of the court in making the rule absolute.

3. The statute of limitations has no application to such a case, nor does the delay amount to laches.

4. An attorney-at-law, who, in a public address, incites popular feeling against the judges for the purpose of interfering with a fair and impartial consideration of a pending case, may be disbarred.

5. An improper attempt to influence judicial action is never privileged.

6. An attorney is an officer of the court, and when his conduct is in question, it is proper for a judge to interrogate witnesses.

7. The matter of continuance is for the discretion of the trial court, and its refusal is not cause for reversal.

8. The court has the undoubted right, in the exercise of a sound discretion, to disbar an attorney for serious misconduct in court or out of court, and such right should be firmly exercised, but with great caution and only in a clear case.

9. The court has discretionary power to reinstate an attorney after disbarment.

Argued January 4, 1921. Appeals, Nos. 109 and 110, Jan. T., 1921, by William Wilhelm, from orders of C. P. Schuylkill Co., May T., 1920, Nos. 313 and 381, making absolute rules to disbar in case of William Wilhelm, an attorney. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Rules to disbar attorney.

The opinion of the Supreme Court states the facts.

The court in an opinion by BERGER, J., made the rules absolute. Respondent appealed.

*Errors assigned,* among others, were orders, quoting them.

*Paul J. Sherwood,* for appellant.—A member of the bar has a property in his profession: In re Davies, 93 Pa. 116.

The rule to disbar must be "impartially considered" and "prudently exercised": In re Davies, 93 Pa. 116; In re Graffius, 241 Pa. 222; Austin's Case, 5 Rawle 191.

*J. W. Moyer* and *Jno. F. Whalen,* with them *J. A. Noecker, T. H. B. Lyon* and *A. L. Shay,* for appellee.

OPINION BY MR. JUSTICE WALLING, February 21, 1921:

These two appeals are from orders of disbarment of the same attorney. William Wilhelm, the respondent, has been a resident member of the Schuylkill County Bar in practice since 1881. In 1909 he became counsel for plaintiff in the personal injury case of William Snyder, guardian of Mary Rymovich v. Schuylkill Traction Company; which resulted in a verdict and judgment for plaintiff of $3,000, and was affirmed by this court. During the years 1911 and 1912, respondent, as such counsel, received on account of said judgment various sums, aggregating $1,575. This left in his hands, after deducting counsel fees and two small payments made plaintiff, practically $1,100 of the client's money. This the latter sought to obtain by repeated interviews with respondent, but was put off on the assertion that the traction company was hard up and had not paid the judgment. Meantime respondent had converted the eleven hundred dollars to his own use. Failing to get satisfaction, the client in 1914 wrote the president judge of that county stating the facts and asking for advice. Thereupon the court appointed the local committee of law examiners as a board of censors to investigate the complaint, which was done and report thereof made to the court. Respondent attended some of the meetings of the board and admitted the misappropriation of the money. However, pending that investigation, he secured the necessary amount and paid the client. On March 1,

1915, subsequent to the report of the board of censors, the court below entered a rule on respondent to show cause why he should not be disbarred; before the return thereof he made an oral and written apology in open court for statements made by him before the board of censors, reflecting upon the late Hon. CHARLES N. BRUMM, then a judge of that court. The papers were filed in the office of the prothonotary of that county, but not spread upon the record and show no further action taken therein until said rule was set down for final hearing in April, 1920. On the 21st of the same month the lower court on its own motion issued a new rule upon respondent to show cause why he should not be disbarred for causes which we will now state.

Mr. Wilhelm, who was retained to defend one Enoch Costinski, charged with perjury, gave E. J. Maginnis, Esq., the assistant district attorney, a copy of the judge's notes of evidence of a former trial, out of which the perjury case grew. Two of the three judges, who heard the case in the lower court, find, in effect, that this was done to get evidence favorable to his client before the grand jury, that the bill might be ignored, and that it was unprofessional and an improper interference with the due administration of justice.

Shortly thereafter the court on its own motion entered a rule upon Maginnis to show cause why he should not be disbarred (see opinion of the Chief Justice in Maginnis's Case, 269 Pa. 186), and, while it was pending, Wilhelm by invitation made an impassioned speech to a gathering of some three hundred men at Girardville in said county wherein he took strong ground in favor of Maginnis, said they were trying to crucify him, referred to the disbarment proceedings against the latter as a conspiracy, urged the appointment of a committee, the raising of funds, and, in effect, the taking of such action political and otherwise as might be helpful to Maginnis. He also expressed the opinion that the local judges, when the case was properly presented, would not render

an adverse decision, but that if necessary the case should be taken to the state Supreme Court. After the speech, he took a vote of his audience which with practical unanimity favored Maginnis. The lower court finds, in effect, that this address was intended to incite popular feeling against the judges and interfere with a fair and impartial consideration of the case. Both rules against respondent were made absolute and therefrom he brought these appeals.

An examination of the entire record discloses no cause for reversal. Sections 73 and 74 of the Act of 1834, P. L. 354, provide: (73) "If any attorney at law shall misbehave himself in his office of attorney, he shall be liable to suspension, removal from office, or to such other penalties as have hitherto been allowed in such cases by the laws of this Commonwealth. [74] If any such attorney shall retain money belonging to his client, after demand made by the client for the payment thereof, it shall be the duty of the court to cause the name of such attorney to be stricken from the record of the attorneys and to prevent him from prosecuting longer in the said court." Here the fact that the attorney had used the money of his client is admitted and the finding that he refused to pay it over upon demand is supported by the evidence, hence it was the duty of the trial court to make absolute the first rule for disbarment: In re Graffius, 241 Pa. 222.

As this is a statutory offense the fact that respondent was suffered to continue his practice and association with his professional brethren during the five years is immaterial. Respondent states that when he made his apology in 1915, the president judge said, "The matter is ended." That might well be, so far as related to the contempt, for which the apology was made, but could not have referred to the rule for disbarment as it had not been considered by the court. Aside from that, such statement is not supported by the record and the contrary is found by the trial court. True, the rule was allowed to rest for five years, but the statute of limita-

tions has no application to such case (People v. Hooper (Ill.), 75 N. E. Rep. 896); in fact, it could not in any event apply to a pending proceeding. The delay was not so great as to warrant a dismissal of the rule on the ground of laches (In re Crum, 75 N. W. 257), especially as it inured to respondent's benefit and in no respect resulted to his prejudice. Neither does the fact that respondent paid the client, before the rule was acted upon or even granted, wipe out the offense: In re Samuel Davies, 93 Pa. 116, 122; 4 Cyc. 915.

Referring to the second rule, the address delivered at Girardville was such unprofessional conduct as justified the action of the trial court. The rule for the disbarment of Maginnis was then pending and we must assume that respondent intended the natural result of his act, which was to embarrass the judges in the performance of their duty in that particular case by inciting popular feeling against them. This a lawyer may not do while the litigation is pending (Works v. Merritt, 105 Cal. 467; Ex Parte Cole, 1 McCrary 405; and see Smith's App., 179 Pa. 14; 2 R. C. L. sec. 185, p. 1095); but when a case is finished courts are subject to the same criticism as other people (Patterson v. Colorado ex rel., 205 U. S. 454, 463), and by the lawyer as well as by the layman.

The suggestion of privileged communication is untenable. An improper attempt to influence judicial action is never privileged.

Judge Koch, a copy of whose notes of evidence respondent gave the assistant district attorney, finds it was not done with intent that the same should be used before the grand jury, and, as the transaction is capable of that construction, we are glad to adopt it. The other charges, however, are sustained by the unanimous findings of the three trial judges, based on sufficient evidence; in such case an appelate court will be slow to interfere: Smith's App., supra.

The record discloses nothing in the conduct of either trial judge to justify criticism. An attorney is an of-

ficer of the court, and, when his conduct is in question, it is proper for a judge to interrogate witnesses. The matter of a continuance was in the discretion of the trial court, and its refusal thereof is not cause for reversal, especially as ample opportunity was afforded for a full investigation. As respondent appeared in answer to each rule, the question of formal notice drops out of the case.

Mr. Wilhelm denies any improper intent on his part, and we realize the consequences to him; yet, the right of a court, in the exercise of a sound discretion, to disbar an attorney for serious misconduct in court or out of court, is undoubted (Sherwood's Investigation, 259 Pa. 254, 259), and should be firmly exercised, but with great caution (Maginnis's Case, supra; In re Graffius, supra) and only in a clear case. In the language of the United States Supreme Court in Ex Parte Secombe, 60 U. S. 12, 13: "The power [to disbar], however, is not an arbitrary and despotic one, to be exercised at the pleasure of the court, or from passion, prejudice or personal hostility; but it is the duty of the court to exercise and regulate it by a sound and just judicial discretion, whereby the rights and independence of the bar may be as scrupulously guarded and maintained by the court, as the rights and dignity of the court itself."

The court also has the discretionary power, at some future time, to reinstate an attorney after disbarment (In re Samuel Davies, supra; 4 Cyc. 917): but, under the facts at bar, whether such power shall be exercised in favor of the present appellant will be for the court below to decide.

The assignments of error are overruled and the order in each case is affirmed at the costs of appellant.