[No. 2883.   July 7, 1924.] ·

In re HANNA et al

### SYLLABUS BY THE COURT

An attorney, who participates in a public meeting, held for the purpose of influencing public sentiment with respect to the merits of a cause then pending in the courts, is guilty of such unprofessional conduct as to merit discipline.

Certified Questions from San Miguel County.

Proceedings in the matter of Richard H. Hanna and another, charging unprofessional conduct. The questions arising on a finding of a special committee were certified. Judgment rendered.

E. R. Wright, J. O. Seth, and Francis C. Wilson, all of Santa Fe, for respondents.

O. O. Áskren, of East Las Vegas, and Clarence J. Roberts, of Santa Fe, for informants.

### OPINION OF THE COURT

BOTTS, J. These proceedings grew out of an information, filed by members of the bar in the district court of the Fourth judicial district, against the respondent Hanna, charging him with unprofessional conduct in certain particulars, and resulting in his suspension from practice in that court until such time as this court should otherwise direct. The whole matter was then certified to us for such action as should seem proper in the premises, with respect to both respondents. This court referred the matter to a special committee of the bar, composed of three of the leading members of the profession, who also constituted the state board of bar examiners, with directions to hear evidence on the charges and make a report to this court of their findings, conclusions, and recommendations. In pursuance of that direction, the committee, on due notice to respondents, met and heard all the evidence offered, at which meeting the respondents and the informants were present. In further pursuance of the direction of the court, the committee in due time made

its report, to which informants have filed certain exceptions.

The committee found that the conduct of the respondent Fred E. Wilson was not such as to justify any charge or disciplinary action, and recommended that all proceedings against him be dismissed and disregarded. After a careful consideration of the report and the evidence upon which it is based, and of the exceptions filed by the informants, we concur with the recommendation of the committee in respect to the charges against said respondent, and they will therefore be dismissed.

As to the charges against the respondent Richard H. Hanna we shall notice only those upon which the committee has recommended disciplinary action, and those as to which we believe the exceptions to the report should be sustained wholly or in part. These charges grow out of said respondent's participation in public meetings called for the purpose of discussing the subject-matter of certain causes then pending in the courts wherein the respondent was representing one of the parties to the litigation. At all of these meetings the client of respondent participated in the discussions wherein his virtues and the worthiness of his causes were extolled, and the conduct of the judge before whom the matters were pending severely criticized. Said respondent likewise participated in each of these meetings by speaking in behalf of his client and in criticism of the course and conduct of the proceedings against him. These meetings were called and held for the avowed purpose of creating wide public sentiment in favor of respondent's client and were calculated thereby to influence the tribunal, before which the several causes were pending, favorable to said client, and to pervert the regular course of justice. With the merits of those several causes we are in no wise concerned. Suffice it to say that some of them resulted in the sentence of respondent's client to terms of imprisonment, and that, while appeals were taken to this court for the correction of alleged errors occurring

at the trials, such appeals were abandoned and respondent applied for and obtained a pardon for his client from the executive department.

The several meetings which were so attended and participated in were (1) a banquet at the Meadows Hotel in Las Vegas, N. M.; (2) a public meeting in the high school building at Albuquerque, N. M.; (3) a public meeting in the armory at Albuquerque; and (4- a public meeting in the Duncan Opera House at Las Vegas.

With respect to those meetings, the committee reported and recommended:

"I.    As to the first charge the committee finds that there is no stenographic report of the remarks of respondent Hanna at the banquet held in the Meadows Hotel in Las Vegas, and there is no evidence before the committee upon which it could find any improper action by respondent Hanna on that occasion, and the committee therefore concludes that this charge is not sustained and recommends that it be dismissed and disregarded.

"II.    As to the remarks of respondent Hanna at the high school in the city of 'Albuquerque, at a public meeting in the course of a public speech which he made on that occasion, the committee finds that respondent Hanna in the excitement of the occasion overstepped the bounds of propriety and indulged in remarks, which are fully set forth in the record which accompanies this report, which were made in the course of a discussion by him of a pending cause in the Fourth judicial district before Judge Leahy at Las Vegas, and in which respondent Hanna was counsel, and such remarks were improper and in the opinion of the committee merit reprimand.    It is also our opinion that respondent Hanna was not justified in making the statements contained in his speech, and that he should be admonished by the court of the impropriety of such remarks, to the end that the bar of the state of New Mexico may have before it a guide and rule to govern their conduct on such occasions, and further that respondent and all members of the bar of the state of New Mexico shall be by this court solemnly admonished that the public discussion of pending causes is subject to reprimand and cannot be tolerated by this court, and that the only proper forum in which to try and discuss those causes is the court in which they are then pending.

"III.    The committee finds that the construction placed by the informants in the subject of respondent Hanna's speech at the armory in the city of Albuquerque is rather

In re Hanna et al, 30 N. M., 96

more severe than the facts justify, and, although respondent Hanna on that occasion acted in questionable taste, yet his remarks were not such as to subject him to discipline, nor did they in the opinion of this committee constitute professional misconduct, and the committee therefore recommends that the said charge be by the court dismissed and disregarded.

"IV.   The committee finds that as to the public speech made by respondent Hanna in the Duncan Opera House at Las Vegas, that that part of his address wherein he referred to the fact that he might go to jail on the following day was not proper and constitute conduct for which he should be reprimanded by the court, and as a matter of law constituted conduct that merits a moderate measure of disciplinary action by·the court."

We agree with the committee that the remarks to which they call attention were improper, but we go further and hold that the respondent was guilty of impropriety and unprofessional conduct by his mere approval of and participation in these meetings and each of them, which, as stated before, were confessedly held for the purpose of creating public sentiment in favor of his client in respect to the cases which were then pending in court.   We do not agree with the committee, therefore, that the charge based upon the meeting held at the Madows Hotel should be dismissed and disregarded simply for the reason that there is no stenagrophic report of respondent's remarks there made; nor do we agree that there is no evidence upon which it can be found that there was any .improper action by respondent on that occasion.   It is plain that he was giving encouragement to his client, and to those of his sympathizers there assembled, in their improper conduct, and that of itself is behavior which is unbecoming a lawyer, and cannot be overlooked when called to the attention of the court.

And so with the conduct of respondent at the armory in Albuquerque.   It may be, as the committee says, that the construction placed by the informants on respondent's speech made at that time is rather more severe than the facts justified, yet it is plain that respondent did speak in behalf .of his client and his causes, and

thereby gave encouragement to the improper objects and purposes of the meeting.

In Wilhelm's Case, 269 Pa. 416, 112 Atl. 560, it appears that the respondent, Wilhelm, has been employed to represent one Maginnis, against whom disbarment proceedings were pending. During the pendency of that matter Wilhelm by invitation made an impassioned speech to a gathering of some 300 men at Girardville, wherein he took strong ground in favor of Maginnis, said they were trying to crucify him, referred to the disbarment proceedings against the latter as a conspiracy, urged the appointment of a committee, the raising of funds, and, in effect, the taking of such action political and otherwise as might be helpful to Maginnis. After the speech he took a vote of his audience, which favored Maginnis with practical unanimity. There is a striking similarity between the procedure followed at the Maginnis meeting and that disclosed by the record now under consideration. On these facts the trial court ordered Wilhelm disbarred, and he appealed. The Supreme Court said:

"The address delivered at Girardville was such unprofessional conduct as justified the action of the trial court. The rule for the disbarment of Maginnis was then pending, and we must assume that respondent intended the natural result of his act, which was to embarrass the judges in the performance of their duty in that particular case by inciting popular feeling against them. This a lawyer may not do while the litigation is pending (Works v. Merritt, 105 Cal. 467, 38 Pac. 1109; Ex parte Cole, 1 McCrary, 405, Fed. Cas. No. 2,973; and see Smith's Appeal, 179 Pa. 14; 2 R. C. L. § 185, P. 1095); but when a case is finished courts are subject to the same criticism as other people (Patterson v. Colo., 205 U. S. 454, 463, 27 Sup. Ct. 556, 51 L. Ed. 879, 10 Ann. Cas. 689), and by the lawyer as well as by the layman. The suggestion of privileged communication is untenable. An improper attempt to influence judicial action is never privileged."

See, also, Cobb v. U. S., 172 Fed. 644, 96 C. C. A. 477; State Bar Commission v. Sullivan, 35 Okl. 745, 131 Pac. 703, L. R. A. 1915D, 1218; In re Hilton, 48 Utah, 172, 158 Pac. 691, Ann. Cas. 1918A, 271; U. S. v. Markewich (D. C.) 261 Fed. 537; State v. Kirby, 36 S. D. 188, 154

N. W. 284; Queen v. Skipworth, 9 Queen's Bench Cases, 230.

Whatever may have been the personal feeling of respondent's client toward the judge, who heard the causes out of which these charges directly grew, his conduct was not only a personal attack on the judge, but a direct attack on the court as an institution, a fact that respondent could not have failed to appreciate.

And so we conclude that respondent's conduct at each of these meetings calls for disciplinary action on the part of this court. The result which was calculated to follow any one, or all of the meetings was to taint the source of justice and to obtain a result of legal proceedings other and different from that which would follow in the ordinary course. The respondent is a member of the bar of long standing, who has held high office in this state, and his training and experience have been such that he could not have failed to know that his conduct was improper and most unbecoming, and, while there might be some excuse for such conduct on the part of a layman not trained in the history and traditions of our legal system as respondent is, there can be no justification or excuse for him. The rights of litigants at all times must be determined in accordance with law and the orderly course of procedure prescribed by the law, and not by appeals to public passion, nor by attempts to influence the tribunal before which a cause is pending, whether by censure, threat, or flattery. The law is a human product and therefore necessarily imperfect, but, with all its imperfections, it does prescribe orderly methods for the correction of such imperfections in so far as humanly possible. A breaking down of the usual course of law and order and an attempt to obtain or administer justice by disorderly methods is the forerunner of confusion, if not of anarchy. No one is more familiar with these fundamental principles than is the lawyer, and no one owes a more scrupulous allegiance to the law and its due administration than he.

Whatever be the method employed or sanctioned or acquiesced in by an attorney to influence the decision of a cause pending in the courts, other than in the regular course, it is wrong, and, to the extent of its effect, whether on the tribunal or on the public is an undermining of the very foundation of the government which he has sworn to uphold.

The committee recommends that the respondent be reprimanded, and though we see more gravity in the offense than does the committee, with this permanent record of our thorough disapproval of respondent's conduct as an everpresent reminder of his wrongdoing. we believe a reprimand and censure, togther with the period of suspension from practice in the district court which he has already suffered, will be sufficient punishment to satisfy the ends of justice.

It is therefore the order of the court that the respondent Richard H. Hanna be, and he is hereby, reprimanded and severely censured, and that the charges against the respondent Fred E. Wilson be, and they are hereby, dismissed, as are also like charges against respondent Hanna which are not noticed in the opinion. It is further ordered that the suspension of the respondent Hann[a] from practice in the district of the Fourth judicial district be and it is hereby terminated.

BRATTON, J., and HOLLOMAN, District Judge, concur.