# Bown *versus* Morange to use of Hall.

1. Parol evidence is admissible to show a verbal contemporaneous agreement which induced the execution of a written obligation though it may have the effect of varying or changing the terms of the contract.

2. Upon the trial of a scire facias to revive a judgment, it is competent to show by parol testimony that by reason of what has occurred since the judgment was entered, the plaintiff is not entitled, according to the terms of a verbal agreement between the parties, to have his execution.

3. Upon the trial of a scire facias to revive a judgment, the defendant offered to prove that at the time said judgment was confessed it was understood and agreed between the plaintiff and the defendant that the

[Bown v. Morange to use of Hall.]

confession of the judgment should not prejudice the latter in obtaining his discharge in bankruptcy, for which an application was then pending in the proper court; that if the defendant procured his discharge plaintiff should stand upon the same footing as defendant's other creditors and the judgment should not be enforced against him. The conditions of the compromise which led to the confession of judgment appeared in writing on the record, but no restriction on plaintiff's right to revive his judgment or have execution thereon was there recited. The judgment was for a private debt contracted before the beginning of the bankruptcy proceedings.

*Held*, reversing the ruling of the court below, that defendant's offer was admissible.

4. In an action on a judgment obtained after the defendant therein was adjudicated a bankrupt and before his discharge, upon a debt provable under the bankrupt law, the original debt is merged in the judgment and the subsequently granted certificate of discharge is no defence thereto.

November 8th, 1884.    Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas No. 1 of *Allegheny county:* Of October and November Term, 1884, No. 207.

Scire facias, by J. K. Morange to the use of Louis Hall, to revive and continue the lien of a certain judgment against James Bown.

On the trial, before STOWE, P. J., the following facts appeared: On April 25th, 1871, Bown executed and delivered to Morange a bond in the penal sum of $24,000 conditioned for the payment of a debt of $12,000. This bond was secured by a mortgage of the same date on certain property in Allegheny City and both bond and mortgage were assigned, in May following, to Hall. An amicable judgment in scire facias on the mortgage was entered in June, 1876, for $12,420; and by virtue of a writ of levari facias issued on this judgment the premises were sold, by the sheriff, to Hall, for $1,150. On October 19th, 1876, Bown filed exceptions to the confirmation of the sheriff's sale and on the same day an action of debt on the bond accompanying the mortgage was brought by Morange to use of Hall.

Prior to these proceedings, to wit, on January 4th, 1875, Bown filed his voluntary petition in bankruptcy in the United States District Court, and was duly declared a bankrupt; but he did not obtain his final discharge in bankruptcy until June 12th, 1878.

On December 7th, 1876, pending the bankrupt proceedings, Bown confessed judgment, in the suit on his bond, in favor of Hall, for $6,646.09, and made the following entry on the record at the time:

"December 7th, 1876, this case compromised on the following conditions: First. That plaintiff allows a credit on the

bond sued on of $6,045.45, and defendant confesses judgment to the plaintiff for the sum of $6,646.09; and the defendant in consideration of the above credit (said credit being in excess of the plaintiff's bid at sheriff's sale of the property of the defendant, sold to plaintiff on levari facias, No. 360, July Term, 1876), hereby withdraws all objections to said sheriff's sale; and furthermore, hereby ratifies and confirms said sheriff sale, and the title thus by said plaintiff acquired to the property bought by the plaintiff at said sheriff's sale. *Eo die.* Writing filed and judgment entered thereon against defendant for $6,646.09."

After Bown's discharge in bankruptcy, to wit, on October 19th, 1881, Hall brought this suit to revive the confessed judgment. At the trial Bown's counsel made the following offers of evidence:

(1) "Counsel for defendant proposes to prove that at the time the judgment in controversy was confessed, it was agreed by and between the use plaintiff, L. W. Hall, and the defendant, that the confession of judgment should not prejudice the defendant in obtaining his discharge in bankruptcy then pending. That if defendant would obtain his discharge then this judgment was not to be enforced against him; but that plaintiff should stand upon an equality with his other creditors. That this was the inducement, held out by the plaintiff, L. W. Hall, which influenced the defendant to confess the judgment. And that it was on these representations that defendant confessed the judgment."

(2) "That the agreement was signed in pursuance of the compromise it expresses, but upon the verbal agreement and understanding that it was to have no effect if defendant got his discharge."

(3) "That the judgment plaintiff seeks to revive by this action was founded upon a bond dated the 25th of April, 1871; that on the 4th day of January, 1875, the obligor in the bond and defendant in this suit filed his voluntary petition in bankruptcy, and that on the 7th day of December, 1876, when the judgment now sought to be revived was confessed, proceedings in bankruptcy were still pending; that subsequently, on the 12th day of June, 1878, the defendant was discharged regularly according to the provisions of the bankrupt law; that at the time that judgment was confessed the parties had in view the final discharge in bankruptcy of the defendant; that not then knowing whether the defendant would obtain his final discharge, it was represented by the plaintiff, L. W. Hall, to the defendant, that if he would confess the judgment it would be a mere matter of form. That it would not prejudice his right to obtain a final discharge

[Bown *v.* Morange to use of Hall.]

against it. That if he did obtain a final discharge the plaintiff would not enforce the judgment against the defendant, but that it should be satisfied by defendant's discharge in bankruptcy as in case of his other creditors. That upon these representations the judgment was confessed."

(4) " That at the time the writing, upon which the judgment was confessed, was signed, and before it was signed the plaintiff, Mr. Hall, went to the store of the defendant, Mr. Bown, and asked him to confess a judgment; that Mr. Bown refused to do so, inasmuch as his proceedings in bankruptcy were pending and it might prejudice him, and that the plaintiff represented to him that it would not prejudice him, that it was a mere matter of form; that if he would get his discharge in bankruptcy it would discharge the debt, notwithstanding the confession of judgment. That Mr. Bown, the defendant, refused to do so; that Mr. Hall repeated these representations to him, and the defendant relying upon the correctness of the statement, confessed the judgment, being assured that the plaintiff would not attempt to enforce it if he (the defendant) got his final discharge as stated in the third offer. That it was upon these representations that he did so confess the judgment or authorize the paper to be signed, on which the judgment was confessed. That Mr. Bown directed Mr. Hall to go from his store to his (Mr. Bown's counsel), and make the agreement accordingly. That the parties met in Mr. Dickey's office, and the paper was drawn up and signed by the counsel, Mr. Dickey, upon the one side and Mr. Bown's counsel on the other, as shown by the paper."

Plaintiffs counsel objected to these offers as irrelevant, and incompetent to contradict the agreement in writing, set out on the record, upon which judgment was confessed. Objections sustained and evidence excluded. Exception. (First, second, third and fourth assignments of error.)

Defendant submitted the following point :

" That the certificate of discharge issued under the seal of the bankrupt court, dated June 12th, 1878, to James Bown, the defendant, discharges the judgment upon which this scire facias was issued, the original judgment having been obtained on a bond dated the 25th of April, 1871, and the said plaintiff being a creditor embraced in defendant's schedule of creditors in bankruptcy, the plaintiff is not entitled to recover." Refused. (Fifth assignment of error.)

The court charged that under the evidence plaintiff was entitled to recover the amount of the confessed judgment with interest.

Verdict accordingly for plaintiff, and judgment thereon;

whereupon the defendant took this writ of error, assigning for error the rejection of his offers of evidence and the refusal of his point, and the charge of the court.

*H. W. Weir,* for plaintiff in error.—Parol evidence is admissible of a contemporaneous agreement, that a written contract should not be enforced according to its terms, but should be qualified in accordance with such parol agreement, whenever a party seeks to procure an unfair advantage by denying the parol qualification : Lippincott *v.* Whitman, 3 W. N. C. 313. Parol evidence is admissible to show that at the execution of a written instrument, a stipulation was entered into, a condition annexed, or a verbal promise made, upon the faith of which the writing was executed, though it may vary or materially change the terms of the contract: Greenawalt *v.* Kohne, 85 Pa. St. 369; Barclay *v.* Wainwright, 86 Pa. 191; Coe *v.* Schenkmeyer, 5 W. N. C. 252; Robinson *v.* Leahy, 5 Id. 318; Baillie *v.* Kessler, 6 Id. 527 : Hoopes *v.* Beale, 90 Pa. 82; Whitney *v.* Shippen, 89 Id. 22; Keough *v.* Leslie, 92 Id. 424; Burk *v.* Kerr, 12 W. N. C. 191.

*George Shiras, Jr.,* for defendant in error.—The first four assignments raise the question whether a judgment that had stood of record unimpeached for a period of five years, can be invalidated by parol evidence of what is alleged to have taken place at an interview between the plaintiff and the defendant, at a different place and at a time prior to that when the judgment was confessed. It appears from the fourth offer of evidence of the defendant below, that the alleged conversation as to the confession of judgment occurred in his store and that the judgment was confessed afterwards in Mr. Dickey's office. How long afterwards does not appear. A written instrument under seal and free from ambiguity, cannot be affected by a conversation of the parties thereto held prior to its execution : Caley *v.* Hoopes, 5 Norris 493 ; McClure *v.* Railway Co., 9 Norris, 269 ; Stine *v.* Sherk, 1 W. & S. 202. A defendant cannot be permitted to impeach a judgment, in a *sci. fa.* thereon, by alleging prior matter : Dowling *v.* McGregor, 10 Norris 411.

Mr. Justice STERRETT delivered the opinion of the court January 5th, 1885.

The question involved in the first four specifications of error is whether the offers of evidence therein recited were rightly rejected. In substance, the offers were to prove that at the time the judgment, which forms the basis of this action, was confessed, it was understood and agreed by and between

plaintiff and defendant that the confession or judgment should not prejudice the latter in obtaining his discharge in bankruptcy, for which an application was then pending in the proper court; that if, in due course, he procured his discharge, plaintiff should stand upon the same footing as defendant's other creditors, and the judgment should not be enforced against him, or, as it is expressed in the ' third offer, the discharge should operate as a satisfaction of the judgment; and that it was upon the faith of the agreement, of which the foregoing is the substance, that the judgment was confessed. In addition thereto, other matters of fact, more or less intimately connected with the compromise and confession of judgment, are embraced in the respective offers, but special reference to them is unnecessary. The judgment was confessed after defendant was adjudicated a bankrupt and before he obtained his discharge, for a provable debt contracted before commencement of proceedings in bankruptcy. The mortgage given to secure the debt had been foreclosed and the property sold to the equitable plaintiff for $1,150, but exceptions to the sheriff's sale were pending when suit for residue of the debt was brought on the bond. Shortly afterwards a compromise was effected, signed by attorneys of the parties respectively and filed of record in the case, as follows, to wit: "December 7th, 1876, per writing filed this case compromised on the following conditions: 1st. That plaintiff allows a credit on the bond sued on, of $6,045.45, and defendant confesses judgment to plaintiff for the sum of six thousand six hundred and forty-six dollars and nine cents, ($6,646.09) and defendant in consideration of the above credit, (said credit being in excess of plaintiff's bid at sheriff's sale of the property of defendant sold to plaintiff on levari facias, No. 260, July Term, 1876) hereby withdraws all objections to said sheriff's sale, and furthermore hereby ratifies and confirms said sheriff's sale, and the title thus by said plaintiff acquired to the property bought by plaintiff at said sheriff's sale." By this compromise defendant obtained a concession or credit of over $6,000, in addition to the amount realized by sale of the mortgaged premises, and in consideration thereof he withdrew his exceptions to the sheriff's sale and confessed judgment absolutely and unconditionally for the residue, $6,646.09.

There is nothing on the record restricting in any way the right of plaintiff to revive the judgment or have execution thereof. This is conceded by defendant; but he alleges the judgment was confessed on the faith of plaintiff's assurance and verbal agreement that in the event of his obtaining, in due form, his discharge as a bankrupt, the judgment should not be enforced against him. In view of the fact that the

conditions of the compromise and confession of judgment were reduced to writing and made matter of record, it is very remarkable that a provision so important to the defendant should have been omitted from the writing prepared and signed by counsel; but, unreasonable and incredible as defendant's allegations as to the verbal agreement in question may appear, he is entitled under our decisions to establish them if he can by competent and satisfactory evidence. No principle has been better settled by a long line of decisions than that parol evidence is admissible to show a verbal contemporaneous agreement which induced the execution of a written obligation, though it may have the effect of varying or changing the terms of the written contract: Miller v. Henderson, 10 S. & R. 290; Greenawalt v. Kohne, 4 Norris 369; Barclay v. Wainwright, 5 Id. 191; Whitney v. Shippen, 8 Id. 22; Hoopes v. Beale, 9 Id. 82; Keough v. Leslie, 11 Id. 424; Hartley's Appeal, 7 Out. 23; Juniata Building Association v. Hetzel, Id. 507.

The purpose of the offers under consideration was not to assail the validity of the judgment as originally confessed, or to introduce any matter of defence that may have existed prior thereto, but to show that by reason of what has occurred since, viz.: defendant's discharge in bankruptcy, the plaintiff is not entitled, according to the terms of his alleged agreement, to have execution of the judgment. In this respect the case is similar in principle to Hartzell v. Reiss, 1 Binney 289, in which it was held that under the plea of payment to a scire facias to revive a judgment, the defendant might show that when he executed the bond on which the judgment was confessed the plaintiff promised verbally to cancel it upon an event which occurred after the judgment was entered.

We think the testimony offered by the defendant should have been received, and if the evidence of the alleged agreement proved to be sufficiently clear and precise to justify its submission to the jury the question should have been left to them under proper instructions.

In refusing to charge as requested in defendant's point, the learned judge followed the ruling of this court in Wise's Appeal, 3 Out. 193, in which it was held that in an action on a judgment obtained after the defendant therein was adjudicated a bankrupt, and before his discharge, upon a debt provable under the bankrupt law, the original debt is merged in the judgment, and the subsequently granted certificate of discharge is no defence thereto. The judgment on which this scire facias issued possesses all those distinctive features. It was confessed by defendant, after his adjudication and before his discharge as a bankrupt, for a provable debt contracted

prior to commencement of the bankruptcy proceedings. It is clearly within the rule, and hence the fifth assignment of error is not sustained.

If defendant had succeeded in introducing testimony tending to prove the allegations of fact embodied in the offers rejected by the court, there might have been a question of fact for the consideration of the jury; but as the case stood there was no error in charging as complained of in the sixth specification.

> Judgment reversed, and a *venire facias de novo* awarded.