# In re Graffius.

*Attorneys-at-law — Disbarment proceedings — Jurisdiction of court—Misconduct in another county—Act of April 14, 1834, P. L. 333.*

1. The power of a court to disbar an attorney should be exercised with great caution, but there should be no hesitation in exercising it, when it clearly appears that it is demanded for the protection of the public. The court by admitting an attorney to practice, endorses him to the public as worthy of confidence in his professional relations, and if he becomes unworthy, it is its duty to withdraw its endorsement.

2. It is unimportant as affecting the right and duty of the court in disbarment proceedings, where the misconduct of the attorney occurs. An order disbarring an attorney was, therefore, properly made by the Common Pleas Court of Blair County, where it appeared that the attorney accused had received money from a client, to be paid in the settlement of a case pending in another county, and that he had not used the money in such settlement but had appropriated it to his own use.

3. Aside from the general power of the court in disbarment proceedings, it is its duty, under Section 74, of the Act of April 14, 1834, P. L. 333, to strike from the roll of attorneys any one who has retained money belonging to a client, after demand.

Argued April 21, 1913.  Appeal, No. 113, Jan. T., 1911, by respondent, from order of C. P. Blair Co., March T., 1910, No. 7, in disbarment proceedings, In re

H. Price Graffius, an attorney-at-law. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Rule to disbar an attorney. Before BALDRIDGE, P. J. The opinion of the Supreme Court states the facts.

The court made the rule absolute. Respondent appealed.

*Error assigned,* among others, was the order of the court.

*Thomas H. Greevy,* for appellant.

No paper book or argument for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, May 22, 1913:

This appeal is from an order of disbarment. A petition for a rule to show cause was presented to the Common Pleas of Blair County in which it was alleged that the petitioner had employed the appellant as an attorney-at-law and had given him money to be paid in the settlement of a case in which the petitioner was concerned; that the appellant had not used the money for the purpose for which he received it but had appropriated it to his own use and had failed to return it, although repeated demands had been made on him to do so. All of the allegations in the petition were sustained by depositions taken in support of the rule and they were not denied by the appellant. His defense was a denial of the jurisdiction of the court of Blair County on the ground that the money he had received was for the settlement of litigation that was pending in another county and that at the time he was acting as an attorney of the court of that county.

The order appealed from is so manifestly right that but little need be said in justification of it. The power of a court to disbar an attorney should be exercised

with great caution but there should be no hesitation in exercising it when it clearly appears that it is demanded for the protection of the public. The court by admitting an attorney to practice endorses him to the public as worthy of confidence in his professional relations and if he becomes unworthy, it is its duty to withdraw its endorsement: Davies's Case, 93 Pa. 116. It is unimportant as affecting the right and duty of the court in the premises where the misconduct of the attorney occurs. The fact that the money wrongfully retained by the appellant was to be used by him in making a settlement of a matter pending in the court of another county did not deprive the court of Blair County of jurisdiction to inquire whether he had been guilty of dishonest conduct and was unworthy of confidence in his profession. Aside from the general power of the court in the matter, Section 74 of the Act of April 14, 1834, P. L. 333, makes it the duty of the court to strike from the roll of attorneys any one who shall retain money belonging to a client after demand. The appellant had a patient, judicial hearing, in which he was afforded the amplest opportunity to vindicate himself.

The order is affirmed.