THE PEOPLE *ex rel.* Chicago Bar Association, Relator, *vs.* FREDERICK W. STORY, Respondent.

*Opinion filed October 16, 1914—Rehearing denied Dec. 2, 1914.*

1. DISBARMENT—*when improper conduct of an attorney cannot be disregarded.* An attorney who collects money for his client and refuses, without excuse, to pay it on demand is guilty of such a breach of professional duty as cannot be disregarded, and he is subject to discipline according to the circumstances of the case.

2. SAME—*what does not excuse failure to pay over money to client.* The fact that there may be a dispute between attorney and client as to the amount the attorney is entitled to retain as fees for collecting money does not excuse the attorney in refusing to pay over to the client the excess over the amount the attorney claims he is entitled to.

3. SAME—*under amended rule 40 an information to disbar need not be signed by Attorney General or State's attorney.* Under amended rule 40 of the Supreme Court an information to disbar need not necessarily be signed by the Attorney General or State's attorney but may be signed by the president and secretary of a bar association, and the information need not be sworn to except when filed by some aggrieved person.

INFORMATION to disbar.

JOHN L. FOGLE, for relator.

Joseph W. Merriam, (W. P. Black, and James R. Ward, of counsel,) for respondent.

Mr. Justice Dunn, delivered the opinion of the court:

An information was presented by the Chicago Bar Association containing three counts, two of which charged the respondent, an attorney of this court practicing law in the city of Chicago, with collecting money for a client and refusing to account for it and pay over the amount due the client upon demand, and praying that the respondent's name be stricken from the roll. It is clearly shown, and in fact is admitted, that in one case the respondent collected $59.80 and received $5 from his client on account of costs which he was not required to use. The respondent states that he sent to his client a statement of account containing a charge of $20 for his services and showing a balance of $44.80 due the client. Demand was made for the proceeds of the collection, but the respondent failed to pay the amount due or any amount, and the client then placed the claim in the hands of a collection agency. After renewed demands the respondent paid $15 of the amount but no more until after this information was filed, when he paid the balance. In the other case a claim was placed in the respondent's hands for collection against a debtor residing in New York. The respondent forwarded it to an attorney in New York, and at the request of the latter collected from his client $15 for costs which he did not send to the New York attorney but kept. The claim was settled for $60, out of which the New York attorney kept $15 for fees, $5 for expenses and $11 which he claimed the respondent owed him on another account. He sent the respondent a draft for the balance, $29. The respondent had, therefore, $44 of his client's money in his hands and does not claim to have been entitled to a greater fee than $20. The balance he should have paid his client upon demand, but he failed to do so until after the information was filed, when he paid $40. He claims always

to have been willing to pay the amount due but that his client would never consent to accept less than $60, the whole amount collected. The respondent never, however, tendered payment of any amount though his client was demanding payment.

Objection is made to the validity of the information because not signed by the Attorney General or a State's attorney and not sworn to. The information is signed by the president and secretary of the Chicago Bar Association. Counsel appear to have overlooked the amendment of rule 40, made at the February term, 1909, which expressly authorizes such information, and requires the information to be sworn to only when filed by some aggrieved person.

There is no substantial controversy as to the facts. The respondent insists that no demand was made upon him, and that there was a dispute in each case between him and his client as to the amount of his fees. The claim that no demand was made is based, not upon the fact that the client was not requesting payment of the proceeds of the collection, but upon the disagreement as to the amount of the respondent's fees, the respondent insisting that the clients were demanding more than they were, respectively, entitled to. On his own showing there was a balance due from the respondent in each case, and the disagreement as to the amount of his fees afforded no excuse to the respondent for refusing to pay the amount which he admitted to be due. An attorney who collects money for his client and refuses, without excuse, to pay it on demand is guilty of such a breach of professional duty as cannot be disregarded or lightly passed over.

The respondent will be suspended from practice as an attorney for one year and until he shall be permitted to resume practice by the further order of the court.

*Respondent suspended.*