# Dixon v. Minogue, Appellant.

*Mortgage—Payment—Evidence—Cross-examination—Matters of defense—Written instrument—Contemporaneous parol agreement —Inducement.*

1. Where the plaintiff in writs of a scire facias sur mortgages has testified in chief that no payments had been made on the mortgages, it is not proper to cross-examine her on other questions which tend to introduce matters of defense.

2. Where it is shown that defendant was attorney for plaintiff in making loans and collections on running account, and that the mortgages were given for money which defendant had received and not for which he might receive, the mere productions of checks for money paid by him to defendant during the period of the mortgages, is no evidence that the checks were to be applied on either mortgage.

3. In such case the fact that, while the mortgages were outstanding, defendant paid plaintiff more than sufficient to pay them proves nothing as to the payment of the mortgages.

4. A party to a written instrument may prove he executed it on the faith of a contemporaneous parol agreement; but such proof must be clear, precise and indubitable. The unsupported testimony of an interested party is never sufficient for that purpose.

5. A mortgagor cannot prove by his own uncorroborated testimony that mortgages in usual form were given as security for past and future advances, and not for moneys received at the time.

Argued February 12, 1923. Appeal, No. 64, Jan. T., 1923, by defendant, from judgment of C. P. Schuylkill

Co., Nov. T., 1921, No. 96, on verdict for plaintiff, in
case of Annie R. Dixon v. James F. Minogue.   Before
MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART and
SCHAFFER, JJ.   Affirmed.

Scire facias sur mortgages.   Before BERGER, J.
The opinion of the Supreme Court states the facts.
Judgment on directed verdict for $3,182.   Defendant
appealed.

*Errors assigned,* inter alia, were various rulings on
evidence, quoting bills of exceptions, and direction for
plaintiff, referring to record by pages.

*James B. Reilly,* with him *Roscoe R. Koch* and *M. A.
Kilker,* for appellant.—If the debt is paid or discharged
on any ground, legal or equitable, as the evidence may
show, the mortgage falls and the action thereon is de-
feated: Craft v. Webster, 4 R. 255; Ackla v. Ackla, 6
Pa. 228.

The rule as to parol evidence does not apply: Hallo-
way v. Frick, 149 Pa. 178; Bown v. Morange, 108 Pa.
69; Gandy v. Weckerly, 220 Pa. 285.

*Edmund D. Smith,* for appellee, cited: Thompson v.
Schoch, 254 Pa. 585.

OPINION BY MR. JUSTICE WALLING, March 5, 1923:
On April 1, 1911, the defendant, James F. Minogue,
gave the plaintiff, Annie R. Dixon, a mortgage of $500,
payable in five annual installments, and on July 15,
1911, another mortgage of $2,000, payable in five years,
both upon land in Schuylkill County.   In 1921 writs of
scire facias were issued upon the mortgages, to which de-
fendant filed affidavits of defense, and the trial resulted
in a directed verdict for plaintiff in each case for the
amount of principal and interest; from judgment en-

tered on the verdict, in the case of the $2,000 mortgage, defendant brought this appeal.

The alleged errors are certain rulings of the trial judge on offers of evidence. Defendant was a member of the bar and for over twenty years, beginning about 1900, acted as attorney for plaintiff, especially in making loans and collections for her. The mortgages purport to be absolute obligations, but defendant contends they were in fact given as security for plaintiff's money which had or might come into his hands. Plaintiff made a prima facie case by offering the mortgages in evidence; she was also called as a witness in her own behalf to show no payment had been made thereon. It was therefore not proper to cross-examine her upon other questions, as it was not germane to the direct examination and tended to introduce matters of defense; the trial judge so held. Plaintiff's own testimony, on cross-examination and later when recalled by the defense, was that the mortgages were given for her moneys which defendant had received and not for what he might receive. He produced a large number of checks, some dated before and some after the dates of the mortgages, showing payments by him to plaintiff, but not indicating for what they were paid. The checks given before the dates of the mortgages could not possibly have been payments thereon and were properly rejected, and plaintiff's uncontradicted testimony was that none of those of a later date was given to apply on either mortgage; it was, therefore, immaterial upon what other matters such checks were to apply. Considering the business transactions between these parties for twenty years, the mere production of checks for money defendant paid plaintiff during that time was no evidence that they or any of them were to apply on either mortgage. In other words, as defendant produced no account of his transactions with his client during that time and charged himself with nothing, although admittedly receiving moneys from and for her, the mere fact that, while the mortgages were outstand-

ing, he gave her more than sufficient to pay them, proves nothing as to their payment. He had ample opportunity to prove payment of the mortgages, or that the checks were to apply thereon, but made no attempt to do so, yet asked that such an inference be drawn.

Defendant offered to prove by his own uncorroborated testimony his allegation that the mortgages were given as security for past and future advances, and not for moneys received at the time. Under our practice a party to a written instrument may prove he executed it on the faith of a contemporaneous parol agreement modifying the former (Potter v. Grimm, 248 Pa. 440; Gandy v. Weckerly, 220 Pa. 285; Bown v. Morange to use of Hall, 108 Pa. 69; Greenawalt v. Kohne et al., 85 Pa. 369), but such proof must be clear, precise and indubitable (Thompson, Receiver, v. Schoch, 254 Pa. 585; Highlands v. Railroad Co., 209 Pa. 286; and see Williamson v. Carpenter, 205 Pa. 164; Ogden v. Traction Co., 202 Pa. 480), and the unsupported testimony of an interested party is never sufficient for that purpose; Kline v. Fitzgerald Bros., 267 Pa. 468, 473; McIvor v. Hynes, 248 Pa. 544, 550; Fuller v. Law, 207 Pa. 101. Here, as the mortgages purport to be for the payment of stipulated amounts, their provisions could not be changed by defendant's unsupported testimony, and nothing more was proposed; hence, its exclusion was not error: Fuller v. Law, supra; see also Faux v. Fitler, 232 Pa. 33; Phillips v. Meily, 106 Pa. 536; Juniata Building Association v. Hetzel, 103 Pa. 507. We have carefully considered defendant's several offers of testimony; had they all been admitted, it still would have been the duty of the trial judge to direct a verdict in each case for the plaintiff.

The assignments of error are overruled and the judgment is affirmed.