## Dixon *v.* Minogue, Appellant.

*Attorneys-at-law—Retention of client's money—Trial by jury—Disbarment—Act of April 14, 1834, P. L. 333.*

1. An attorney-at-law accused of withholding money belonging to a client, is not entitled to a jury trial, except where there is an honest dispute between himself and his client as to the amount due for fees.

2. The rule that the findings of fact by the court below based upon sufficient evidence will not be reversed on appeal, applies with peculiar force in a proceeding to compel an attorney-at-law to pay over moneys due to his client.

3. In making absolute a rule on an attorney to pay over moneys due his client, the court may also order his disbarment, if it finds upon sufficient evidence that he was guilty of bad faith, overreaching, fraud or dishonesty.

4. Aside from the general powers of the court in such a matter, the Act of April 14, 1834, section 74, P. L. 333, makes it the duty of the court to strike from the roll of attorneys any one who shall retain money belonging to a client, after demand.

Argued February 19, 1924. Appeal, No. 258, Jan. T., 1924, by defendant, from order of C. P. Schuylkill Co., July T., 1923, No. 269, making absolute rule on attorney-at-law to pay over money, and for disbarment, in case of Annie R. Dixon v. James F. Minogue. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule on attorney-at-law to pay over money to client. Before BERGER, J.

The opinion of the Supreme Court states the facts.

Rule absolute and order for disbarment. Defendant appealed.

*Error assigned* was, inter alia, order, quoting it.

*John F. Whalen,* with him *C. W. Staudenmeier* and *Walter G. Treibly,* for appellant.

*Edmund D. Smith,* for appellee, was not heard.

OPINION BY MR. JUSTICE SCHAFFER, March 24, 1924:

This proceeding was begun by a petition for and the entry of a rule on appellant, a member of the bar, to pay over money received for a client, collected by him on a mortgage belonging to her. An answer was filed, a motion made for a jury trial, which was denied, and, after hearing, the court made an order directing respondent to pay over and that his name should be stricken from the record of attorneys. Appellant argues that the court erred in not dismissing the petition and awarding a jury trial, that it was mistaken in concluding he has not paid over the money which came into his hands belonging to petitioner, that the conclusion as to his bad faith was not warranted and that the order of disbarment should not have been entered.

It is true, in Murphy's Est., 258 Pa. 38, we said: "A man does not lose his right to trial by jury because he is an attorney-at-law." In commenting on this in the recent case of Balogh v. Jackson, 272 Pa. 482, 486, we observed: "In thus expressing itself, the court was speaking of cases where the answer made to the rule convinces the court that the money was held back in good faith. In no case, brought to our attention, has it been held that an attorney, accused of withholding money belonging to a client, is entitled to a jury trial, save where there was an honest dispute between lawyer and client as to the amount due the latter for fees. In this class of cases, there is a preliminary inquiry by the court,—just as there would be on the request for an issue devisavit vel non and certain other issues,—as to whether the dispute is in good faith and meritorious, and, only if found to be such, is the issue remitted to a jury to determine the amount due; if, however, the court reaches the conclusion, on the preliminary inquiry, that there was bad faith, overreaching, fraud or dishonesty on the attorney's part, it proceeds summarily to dispose of the matter by

order." The court below thus summed up the case at bar: "The withholding of the mortgage from his client during the years in which it remained unpaid, and from the mortgagor after it had been paid, tends to prove criminal intent. His manner upon the witness stand; his conduct throughout the hearing; and the manner of the presentation of his case (which he very apparently directed and controlled), all impel the conclusion that the respondent had acted in bad faith, and that he is fraudulently withholding his client's money, the entire proceeds of the mortgage paid to him, because of his inability to pay it.......The answer itself, and the evidence introduced......were so convincing of the respondent's bad faith as to give the court jurisdiction to proceed summarily."

As to the contentions that the court was mistaken in concluding that appellant had not paid over the money belonging to his client, that the adjudgment of bad faith was not warranted and that the disbarment order should not have been made, it is sufficient to say, the court below saw and heard the witnesses, the respondent being examined in his own behalf; its findings we will not overturn, there being abundant and clear evidence to support them. Findings of fact by the court below, involving the credibility of witnesses, and weight to be given their testimony, have the effect of the verdict of a jury, and will not be disturbed on appeal, where there is sufficient testimony to support them: Browne v. Hoekstra, 279 Pa. 418; Hardinge v. Kuntz, 278 Pa. 232; Bangor Silk Knitting Co. v. Wise, 277 Pa. 415; Glenn v. Trees, 276 Pa. 165. In no class of cases ought the result reached by a trial court, where it is based on evidence, be of more binding influence on a court of appeal than in a proceeding such as this, involving, as it does, the integrity of one of the members of the bar ministering justice before it. The court of first instance knows the lawyer, his standing, character, credibility and fidelity to trust in a way we cannot. When the tribunal

which hears the proofs, reaches a conclusion, as the court in this proceeding did, of the respondent's bad faith, fraud and criminal intent, and we find in the record supporting evidence of the misdeeds alleged, it is not for us to interfere.

The order of disbarment flowed from the determination that respondent had retained money belonging to his client after demand for payment thereof, and it was the court's duty to enter it. In Balogh v. Jackson, we reaffirmed what was said In re Graffius, 241 Pa. 222, 224: "Aside from the general power of the court in the matter, section 74 of the Act of April 14, 1834, P. L. 333, makes it the duty of the court to strike from the roll of attorneys any one who shall retain money belonging to a client after demand."

The appeal is dismissed at appellant's cost.