## Gery's Case.

*Attorneys-at-law — Disbarment — Retaining client's moneys— Findings of fact—Review—Act of April 11, 1834, P. L. 354.*

1. Under the Act of April 11, 1834, P. L. 354, where an attorney-at-law retains money which he has collected for a client after demand made upon him for payment, he may be disbarred.

2. Where an attorney had merely power to collect money without power to invest, he cannot allege as an excuse for retaining the money for a long period, that he had set aside, as representing the fund, certain investments of his own not yet payable, and used the moneys collected for his own purposes.

3. Findings of fact in a proceeding to disbar an attorney-at-law for retaining a client's money, when based on sufficient evidence, will not be reversed on appeal. Such cases are peculiarly within the province of the court of first instance.

Argued May 13, 1925. Appeal, No. 296, Jan. T., 1925, by respondent, from decree of O. C. Phila. Co.,

Oct. T., 1924, No. 3314, disbarring attorney-at-law, in case of William B. Gery, respondent. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for disbarment. Before VAN DUSEN, J.

The opinion of the Supreme Court states the facts.

Exceptions to the findings of fact and law and to the definitive decree of disbarment were stricken from the record in an opinion by GEST, J. See 5 D. & C. 580. Respondent appealed.

*Errors assigned* were, inter alia, to the decree of disbarment, and the decree striking exceptions from the record.

*Wm. B. Gery,* with him *John Mahn Thissell,* for appellant.—An attorney is not responsible for a mere mistake in judgment, if he acted to the best of his skill and with a bona fide intention to serve his client: Worrell's Est., 1 Del. 377.

*Frederick C. Newbourg, Jr.,* with him *Clement B. Wood,* for appellees, cited: Davies's Case, 93 Pa. 116; Graffius's Case, 241 Pa. 222; Wilhelm's Case, 269 Pa. 416; Balogh v. Jackson, 272 Pa. 482; Dixon v. Minogue, 280 Pa. 128.

OPINION BY MR. JUSTICE FRAZER, June 27, 1925:

William B. Gery appeals from an order of disbarment entered against him by the Orphans' Court of Philadelphia County. Appellant, and another, by power of attorney dated June 30, 1923, were duly authorized to receive from the estate of Jacob Myers, deceased, all sums of money due Frank M. Harley, from the estate, and, on receipt of such sum, to give proper release and discharge. The executrix under the will of Jacob Myers filed an account which was duly audited, and, according

to the schedule of distribution attached, there appeared to be due Frank M. Harley the sum of $8,991.42. On August 18, 1923, the executrix drew her check to the order of Harley for the above amount, which was delivered to respondent who deposited it to his account as attorney in the Gloucester City Trust Company. On March 20, 1924, the attention of the court was called to the fact that Harley, who resided in California, had not received his distributive share of the Myers Estate, and desired information pertaining to the amount due him. The auditing judge having died in the meantime, his successor suggested to Harley the employment of counsel to examine the records and report as to his interests. Harley at once revoked the power of attorney given appellant and, on May 21, 1924, authorized other attorneys to demand and receive from appellant all moneys belonging to him from the Myers Estate. Demand was made on appellant to pay over the share due Harley. Payment not being made, however, a petition was presented to the court asking an order on appellant to pay to petitioner, attorney for Harley, the money received as Harley's share of the estate. A citation was issued June 30, 1924, but owing to the petitioner's inability to locate respondent, the matter rested until September 8th, at which time an alias citation was issued and served at respondent's home, to which he answered, and, after hearing, an order was made directing that he pay over $8,580.31 within twenty-four hours. Respondent failed to comply with this order and an attachment for contempt was issued October 7th, returnable October 10th. The sheriff not being able to obtain service of this writ, an alias attachment was issued and served and, on October 14th, respondent was committed to the county prison for contempt of court. The money was subsequently paid and respondent released October 20th.

The foregoing circumstances were presented to the Law Association of Philadelphia, and, on November 5, 1924, the Committee of Censors adopted a resolution to

the effect that respondent had violated his office as attorney and had been guilty of unprofessional conduct and recommended the entry of a rule to show cause why he should not be disbarred. A petition was accordingly presented to the orphans' court by the Law Association and, after hearing, an order was entered striking appellant's name from the record of attorneys entitled to practice in that court. From this order, respondent appealed.

The action of the court below was taken pursuant to section 74 of the Act of April 11, 1834, P. L. 354, which provides that if any attorney "shall retain money belonging to his client after demand made by the client for the payment thereof, it shall be the duty of the court to cause the name of such attorney to be stricken from the record of attorneys and to prevent him from prosecuting longer in said court." The facts above recited are undisputed and present a prima facie case of receipt of money by an attorney and failure to pay it over to his client on demand; accordingly, the burden was on appellant to satisfactorily explain the long delay and present an adequate reason for his delinquency. Appellant did not attempt to show he had at any time informed his client distribution had been made and that the client's share of the estate had been collected by him. When complaint was made and his attention called to the matter by the court, the excuse given was that exceptions were pending and undetermined. These exceptions were promptly disposed of and yet the money was not turned over. Assuming the funds were properly held by respondent until final disposition of the exceptions, no sufficient excuse is shown for failure to pay it over after that time, and especially in failing to comply with the order of the court, made five months later, directing him to do so. Even then the money was not forthcoming until appellant's arrest and commitment for contempt.

Appellant offers as a further excuse for failure to pay over the money, that, to avoid having it remain in bank at 2% interest he had placed it in a six per cent investment and that the loan was not yet due. It appears from appellant's statement that he had a personal investment amounting to $9,000 represented by judgment notes and that, desiring to use his money and at the same time invest the other, transferred the account and set aside the judgment notes as representing the fund he had collected, and used the cash in the bank account for his personal purposes. The difficulty with this explanation is that appellant was without authority to invest the funds. His authorization was merely to collect the money for the person entitled to receive it. Nothing was said in the power of attorney as to investing and reinvesting and in absence of such permission he was not justified in taking that course. The court below found appellant used the money for his individual purposes; that he did not inform his client that he had made an investment for him; that he did not, in fact, make an investment as alleged; and that the exceptions filed by him to the account of the administratrix were frivolous and for the purpose of delay.

A careful examination of the record discloses that the findings of the court below are fully justified by the evidence and the following language of this court in Dixon v. Minogue, 280 Pa. 128, 130, is equally appropriate here: "In no class of cases ought the result reached by a trial court, where it is based on evidence, be of more binding influence on a court of appeal than in a proceeding such as this, involving, as it does, the integrity of one of the members of the bar ministering justice before it. The court of first instance knows the lawyer, his standing, character, credibility and fidelity to trust in a way we cannot. When the tribunal which hears the proof, reaches a conclusion, as the court in this proceeding did, of the respondent's bad faith, fraud and criminal intent,

and we find in the record supporting evidence of the misdeeds alleged, it is not for us to interfere.

"The order of disbarment flowed from the determination that respondent had retained money belonging to his client after demand for payment thereof, and it was the court's duty to enter it."

The appeal is dismissed at the cost of appellant.