## In re Gangewer

RENO, P. J., July 1, 1933.—The board of censors charges that respondent embezzled his clients' funds, and has secured rules to show cause why he should not be disbarred. Respondent filed answers to the board's petitions, wherein he neither affirmed nor denied the averments of the petitions but sought the leniency and mercy of the court and "a reasonable opportunity not to exceed 30 days within which to pay off all obligations and thereby maintain his standing as a practicing lawyer of the Lehigh County Bar."

Testimony of witnesses presented by the board of censors was taken. Respondent offered no testimony and did not testify on his own behalf. There is therefore no dispute concerning the facts, and we find that the allegations of the petitions are sustained. That is, (a) in the estate of Sallie A. Kressly, deceased, he embezzled and misappropriated the sum of $102.90 which was placed in his hands for the payment of 1932 school taxes; and (b) as counsel for Rudolph Reitbauer he embezzled and misappropriated the sum of $3,538.29 which was placed in his hands by his client for the purpose of satisfying a mortgage upon premises which his client had purchased at a sheriff's sale, and although respondent has restored $1,332.46, there remains $1,714.54 due by him to his client upon that transaction.

Thus there remains for consideration only the respondent's plea for clemency. However, the plea cannot be entertained. What we might do as an indulgent and forgiving man, we are not permitted to do as a judge. The legislature has decreed that: "If any such attorney shall retain money belonging to his client, after demand made by the client for the payment thereof, it shall be the duty of the court to cause the name of such attorney to be stricken from the record of the attorneys": Act of April 14, 1834, P. L. 333, sec. 74, and this, the Supreme Court has said, is mandatory: In re Samuel Davies, 93 Pa. 116, 121. And even if a further opportunity for restitution were allowed and such restitution were actually made, it would still be our duty to enter an order of disbarment: In re Samuel Davies, supra. The court is without power to condone an offense against this act: Kline's Disbarment, 22 Dist. R. 15; and the punish-

ment of suspension is proper only when the offense consists of misbehavior or misconduct not amounting to an embezzlement: See, Act of April 14, 1834, P. L. 333, sec. 73. "The court by admitting an attorney to practice endorses him to the public as worthy of confidence in his professional relations and if he becomes unworthy, it is its duty to withdraw its endorsement": In re Graffius, 241 Pa. 222, 224.

Now, July 1, 1933, the rules to show cause why respondent should not be disbarred are made absolute, and the prothonotary is ordered to strike the name of Dallas S. Gangewer from the roll of attorneys and to notify the orphans' court of this county and the Supreme and the Superior Courts of this State of this order.                    From Edwin L. Kohler, Allentown, Pa.