## Forman's Case.

Argued January 17, 1936. Before Kephart, C. J., Maxey, Drew, Linn and Barnes, JJ.

*John P. Connelly,* for appellant.

*Geo. P. Orr,* with him *C. Brewster Rhoads,* for appellee.

PER CURIAM, March 23, 1936:

Five Judges of the Common Pleas Courts of Philadelphia, on petition of the Committee of Censors of the Bar Association of that county, found appellant violated his oath of office as a member of the Bar and ordered his disbarment. The charges of improper conduct preferred against appellant, which were found to be true, consisted in failure to remit or account for all moneys collected by him for one of his clients; in inducing a client to borrow money with which to pay off a mortgage and, after appropriating that money to his own use, failing to return it to the client on demand; and in not making proper restitution of money which appellant had obtained for a client by a loan on the latter's building and loan stock, and in similarly appropriating that sum to his own use.

These charges are amply supported by the evidence. By the Act of April 14, 1834, P. L. 333, section 74, courts are charged with the duty of disbarring attorneys who retain a client's money after demand therefor. The inherent power of courts to maintain the integrity of the Bar and to see that courts and its members do not fall into disrepute with the general public through such unprofessional or fraudulent conduct, unquestionably charges us with a similar duty. See *Gery's Case,* 284 Pa. 121; *Dixon v. Minogue,* 276 Pa. 562; *Balogh v. Jackson,* 272 Pa. 482; *In re Davies,* 93 Pa. 116.

The decree of disbarment is affirmed.