## Griffith's Case.

Argued January 17, 1936. Before KEPHART, C. J., MAXEY, DREW, LINN and BARNES, JJ.

*David R. Griffith, Jr., P. P.,* with him *Raymond A. White, Jr.,* for appellant.

*Harry Polish,* for appellee.

PER CURIAM, March 23, 1936:

Appellant was disbarred for unprofessional conduct. It will serve no useful purpose to detail at length the evidence in support of the charges lodged against him with the Committee of Censors of the Philadelphia Bar Association, or the explanations which appellant sought to give in justification of his behavior. It is sufficient to state that the three charges examined by the court below, which were not the only complaints lodged against appellant, were amply supported by the evidence.

In substance, they show that in two instances the appellant accepted fees for professional services to be rendered in the future, and then failed almost completely to perform such services, although he retained the fees and his clients were constantly making protests to him. The third complaint, more serious in nature, shows that appellant misappropriated to his own use funds of an estate. Demands were made by the parties entitled thereto, and it was only after appellant's check in payment had been returned because of insufficient funds that these parties received payment through his brother's checks.

The office of an attorney does not permit the attorney's personal pecuniary embarrassments to be solved by unauthorized use of fiduciary funds. Retention of a client's money after demand therefor is ground for disbarment: Act of April 14, 1834, P. L. 333, section 74; *In re Graffius,* 241 Pa. 222; *Dixon v. Minogue,* 276 Pa. 562; *Wilhelm's Case,* 269 Pa. 416.

The decree of disbarment is affirmed.