## Samuel W. Salus's Case.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 23, 1936:

Appellant was disbarred for unprofessional conduct in the employment and payment of runners to solicit business and professional misconduct in connection with the Kroekel case. The preceding opinion of the court entitled "In Re Disbarment Proceedings," as it relates to this appellant, is made part of this opinion.

Appellant contends the evidence was insufficient to sustain the decree of disbarment. The judges of the courts below thoroughly reviewed the facts in their opinion. They found that the appellant was fully cognizant of the drunken drivers racket as detailed in the brief of facts in the opinion above noted and took part therein. Appellant assumed full responsibility for the acts of his office in connection with this charge. He expressly stated that he had knowledge and supervision of such cases and would know whether any alliances had been made with members of the police force or others; he denied that any unprofessional methods had been pursued in obtaining these criminal cases. The evidence was such the court below came to the conclusion that appellant had full knowledge of the manner in which this practice had been secured and participated in remuneration therefor; hence he could not escape the consequences.

The credibility of the witnesses was a question for these judges to determine. They were most emphatic in their expressions particularly as to the so-called loan checks and the payments to Blasband, the runner. The judges stated that they were "of the firm opinion that

these so-called loan checks to Blasband were really commissions or flat sums" paid to him for services in obtaining the representation by the Salus office of the drunken drivers in the manner and method described. Having employed and paid runners who secured criminal business, appellant must assume the responsibility.

Appellant's conduct in connection with the Kroekel case is distressing. No attorney is justified in taking such steps to free a client from trouble. He has a wide field in which to defend his client and any proper use of ordinary methods for that purpose cannot be condemned, but it is impossible for any court to overlook the facts in connection with the disposition of this case. They are exposed in all their severity as a matter of record.

We do not doubt that appellant had a firm conviction that his client Kroekel was innocent. That did not justify the extremes to which he went. The employment of a trained investigator by an attorney to discover facts concerning a case where he is retained is the legitimate right of every practicing attorney; he is not to be denied a full and fair investigation of his client's case, but this contemplates legitimate acts of discovery, not such as have been narrated in this case. We need not comment on this further.

We have reviewed the case and as stated in *Moyerman's Case,* 312 Pa. 555, "In no class of cases are the findings of the trial court, based upon the evidence, of more persuasive influence upon an appellate court than in a case such as this, involving the integrity of a member of the bar. Where, as in this case, there is sufficient evidence to warrant its conclusions we will be slow to interfere." And, as stated in *Dixon v. Minogue,* 280 Pa. 128, "In no class of cases ought the result reached by a trial court, where it is based on evidence, be of more binding influence on a court of appeal than in a proceeding such as this, involving, as it does, the integrity of one of the members of the bar ministering justice before it. The court of first instance knows the lawyer, his

standing, character, credibility and fidelity to trust in a way we cannot. When the tribunal which hears the proofs, reaches a conclusion, as the court in this proceeding did, of the respondent's bad faith . . . and we find in the record supporting evidence of the misdeeds alleged, it is not for us to interfere." See also *Gery's Case*, 284 Pa. 121, 123.

An earnest appeal has been made to this court for a modification of the order of disbarment, it being urged that this respondent has been a member of the bar for over forty years, that he has never before been charged with any dereliction of duty as an attorney, and that his time was so much occupied with service in public office that he was not able to devote to his private law practice the attention which it properly demanded. These, however, are matters for consideration by the court below, if an application for reinstatement be hereafter made to it by the respondent.

The order of the court below is affirmed.