## Kraus's Case.

Argued April 7, 1936. Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John S. Powers*, with him *Harry H. Frank* and *H. A. Wilkison*, for appellant.

*Charles H. Young*, with him *Charles R. Davis*, for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 26, 1936:

On petition of the Grievance Committee of the Lawrence County Bar Association, Maurice J. Kraus, an attorney of that county and appellant here, was disbarred. The three charges of professional misconduct averred were denied by his answer. Hearings were held before the court en banc and after testimony had been taken, reports of other misconduct came to the attention of the court. On its own motion, it expanded the hearing to include that charge, and after full consideration of all complaints, the order of disbarment was entered.

The reason for disbarment was the unlawful retention of clients' money. When an attorney is guilty of such charges his right to practice law should be withdrawn. It has been so declared by statute (Act of April 14, 1834, P. L. 354) and by our decisions. See *Dixon v. Minogue*, 280 Pa. 128; *Gery's Case*, 284 Pa. 121; *Breslin's Ap-*

*peal,* 316 Pa. 392; *In re David W. Griffith, Jr.,* 321 Pa. 64. An attorney unlawfully misusing his client's money does not purge the offense, nor is it condoned or removed if before the hearing on disbarment restitution is made or a compromise effected. *Breslin's Appeal, supra.* Restitution may appear as a mitigating circumstance in the punishment but is not evidence of innocence. There is nothing, however, to prevent an attorney from withholding a client's money or part of it when due as a set-off or counsel fee.

We are charged by the Act of May 19, 1879, P. L. 66, Sec. 1, with the duty of reviewing the record, but we have often stated that the conclusions of the trial court are more persuasive upon us in cases of this type than in any other, since "the court of first instance knows the lawyer, his standing, character, credibility and fidelity to trust in a way we cannot." See *Dixon v. Minogue, supra; Moyerman's Case,* 312 Pa. 555; *Samuel W. Salus' Case,* 321 Pa. 103. If there is evidence in support of the fact of misconduct on which the disbarment order was made, this court will not interfere. After careful review of this entire record we are unable to discover any error in the findings of the court below or in the order here appealed.

The facts show that in four separate cases appellant used monies to which his clients were entitled. In one, he was employed to secure a widow's share in the estate of her deceased husband. A settlement was arranged whereby she was to receive one-third of the personal estate and a one-fourth interest in the real estate. On July 22, 1933, appellant received a check for her part of the personal estate. He never informed the widow of the receipt of this money, and it was not until October of that year that she became aware of this through the attorney who represented the husband's children. Appellant's reason for withholding this information scarcely merits any consideration. Numerous demands were then made on him by the widow for this money. Appel-

lant refused to give her any part of it, claiming he had taken the case on a contingent fee of one-half the personal estate and one-half the value of the real estate, and was entitled to keep all the money in his hands. The agreement was denied by the widow, but, even if proven, an agreement for one-half of a decedent's estate as fees is unconscionable. Such fees bring the profession into disrepute, and appellant's conduct reflects little credit on himself. He knew the widow was desperately in need of funds. There was no justification for refusing to give her some money even on the harsh basis of his claim for fees and for his retention of the entire amount until the real estate could be sold. Accepting his version of the size of the fee, since the real estate has now been disposed of for less than the value of the personalty, he is still withholding money which belongs to the widow.

The Walter P. Rice matter presents a situation but little different. Appellant received $500 in connection with a divorce proceeding; $400 was to be paid to Rice's wife and $100 to her counsel. Appellant used both sums, and, at the suggestion of Rice, he gave notes instead. Rice had paid for the services rendered, and there was nothing to indicate that these notes were subject to deduction on account of further fees. When one of the notes became due appellant insisted on his right to set off charges for services. It was not until judgment had been entered on that note and execution issued that a settlement was effected.

Appellant represented Mr. Foley's son on two criminal charges. To effect a release on bail, a thousand dollars cash deposit was given. The court refused to accept this bail, and appellant retained this money though Foley demanded its return. Appellant claimed the entire sum as security for fees; obviously it could not all be claimed as a fee. A suit was brought by Foley and judgment obtained before a compromise was effected.

Appellant, in conjunction with another attorney, secured a settlement of $3,500, in the trespass action of

Emma and Andrew Kraus. He received this sum in January, 1935, and though after a delay of several weeks his associate secured his share of the fee, the Krauses received no part of the share due them. They complained to the associate attorney, another attorney and a member of the committee on offenses of the county bar, and enlisted their services to secure this money. Thereafter appellant gave them a promissory note, which stipulated that the amount was to be paid to them in installments.

While the evidence shows appellant may have been financially embarrassed and informed some of complainants of his need for money, as we recently stated in *In re David R. Griffith, Jr., supra,* "The office of an attorney does not permit the attorney's personal pecuniary embarrassments to be solved by unauthorized use of fiduciary funds."

Appellant places reliance on the fact that his testimony in defense shows that in most of these complaints fees were or are due him and that consequently his retention of the money was justified. It is also argued that disbarment proceedings were improper, since Section 28 of the Act of June 16, 1836, P. L. 784, gives the courts power to issue rules on attorneys in all cases where funds belonging to clients are wrongfully retained. The Act of 1836 provides a summary method of securing payment of monies withheld by attorneys from clients and punishment may be inflicted where bad faith is shown: *Balsbaugh v. Frazier,* 19 Pa. Superior Ct. 95. It was not intended, however, as an exclusive remedy and does not deprive the court of its inherent power to disbar members for wrongful retention of a client's money. Nor are such proceedings stayed until the statutory method is pursued. That Act may be invoked by anyone who deems himself aggrieved by an attorney's withholding money, but the misconduct in the instant case transcends mere quarrels concerning fees. The evidence clearly shows that appellant was retaining sums as fees to which he knew he was not entitled and, in one instance, a fee

totally out of proportion to the size of the estate and services rendered. A claim by an attorney to a part of the sum in hand does not excuse his failure to pay over promptly to his client the part as to which there is no claim: *People ex. rel. Chicago Bar Asso. v. Story,* 265 Ill. 207; *Devery v. Com.,* 157 Ky. 357; see also *In re Burns,* 40 P. (2d) 105.

Our review of the record convinces us that there was no error in the action of the court below.

The order is affirmed at appellant's cost.