# IN RE DAVID J. McCOY

Superior Court      New Haven County      File #49709

Present: Hon. NEWELL JENNINGS, Judge.

Lorin Willis,          Attorney for Grievance Committee.

Franklin W. Coeller,      Attorney for Respondent.

## MEMORANDUM FILED JUNE 26, 1936.

JENNINGS, J. The respondent is charged with unprofessional conduct in seven counts. There are two fourth counts. Both were withdrawn during the trial. The second, third and fifth counts had justification in the evidence but, under the circumstances disclosed, proved to be so much less serious than the first and sixth that most of the evidence was confined to the latter and they only are here considered.

In view of the fact that no evidence was offered by the respondent and that his attorney admitted in argument the charges in these two counts, no extended discussion of them is required. The gist of the matter is that to meet his own financial needs be appropriated approximately $5000. entrusted to his care as administrator of these two estates. In addition he made at least two false returns under oath to the Probate Court under such circumstances that he must have known them to be false when he made them. See Exhibits D and E.

The doctrine that an attorney must use the highest degree of care in protecting funds entrusted to him as trustee and must under no circumstances whatever use them for his own purposes lies at the very foundation of our profession. When a breach of trust of the character described is brought to the attention of the court, there is only one possible decision. So powerful a plea has been made on the respondent's behalf and so many extenuating circumstances have been advanced that I feel obliged to buttress this decision with a few of the

many citations readily available. It does none of us any harm to review them from time to time. As indicated by the frequency with which they are invoked, they are all too easily overlooked.

## THE ATTORNEY'S OATH

You solemnly swear that you will do no falsehood, nor consent to any to be done in court, and if you know of any to be done, you will give information thereof to the judges, or one of them, that it may be reformed; you will not unwittingly or willingly promote, sue or cause to be sued, any false or unlawful suit, or give aid, or consent, to the same; you will delay no man for lucre or malice; but will exercise the office of attorney within the court wherein you may practice, according to the best of your learning and discretion, and with fidelity, as well to the court as to your client; so help you God.

## CODE OF ETHICS

1. Absolute Truth Required. Statements of the lawyer to the court and to other lawyers in relation to the business of the court must be characterized by absolute truth.

13. Client's Money and Trust Funds. Money of the client or other trust property coming into the possession of the lawyer should be reported promptly, should not be detained in his hands without the express consent of the client, and should not be commingled with his private property or be used by him. No unauthorized use or detention of the client's property or money is permissible.

"It is not enough for an attorney that he be honest. He must be that, and more. He must be believed to be honest. It is absolutely essential to the usefulness of an attorney that he be entitled to the confidence of the community wherein he practises. If he so conducts in his profession that he does not deserve that confidence, he is no longer an aid to the court nor a safe guide to his clients. A lawyer needs, indeed, to be learned. It would be well if he could be learned in all the learning of the schools. There is nothing to which the wit of man has been turned that may not become the subject of his inquiries. Then, of course, he must be specially skilled in the books and the rules of his own profession. And

he must have prudence, and tact to use his learning, and foresight, and industry, and courage. But all these may exist in a moderate degree and yet he may be a creditable and useful member of the profession, so long as the practice is to him a clean and honest function. But possessing all these great faculties, if once the practice becomes to him a mere 'brawl for hire', or a system of legalized plunder where craft and not conscience is the rule, and where falsehood and not truth is the means by which to gain his ends, then he has forfeited all right to be an officer in any court of justice or to be numbered among the members of an honorable profession."

**Fairfield County Bar vs. Taylor, 60 Conn. 11, 17.**

" 'A lawyer without good character is not only a reproach to his profession, but he brings into public distrust, and is a very menace to, the administration of justice itself. All courts have, as an incident of the power to admit attorneys to their bar, the power to disbar them for such conduct as shows they are no longer worthy of confidence. It is not necessary that the misconduct should be such as would render him liable to criminal prosecution. If it shows that he is unfit to discharge the duties of his office, is unworthy of confidence even though the conduct is outside of his professional dealings, it is sufficient. If he is not honest; if he is not moral; if he is not of good demeanor, he may be disbarred, and should be. His office is a very badge of respectability; a patent of trustworthiness, derived from his position on the court's roll of counsel. He ought not to be suffered to pass for what he is not.' **Underwood vs. Commonwealth,**

**32 Ky. Law R. 32, 33, 105 S. W. 151."**

**Grievance Committee vs. Broder, 112 Conn. 269, 277.**

Retaining a client's money after demand is cause for disbarment. While this statement is based on a statute, the court clearly indicates that such would be its opinion in any event.

**In re Forman, 184 Atl. 75.**

"The office of an attorney does not permit the attorney's personal pecuniary embarrassments to be solved by the use of fiduciary funds."

In re Griffith, 184 Atl. 76, 77.

"The power to disbar should always be exercised with great caution. In re Grafius, 241 Pa. 222, 88 A. 429. But as a protective measure to preserve confidence in courts of justice it must be exercised whenever these regrettable cases occur."

In re Alexander, 184 Atl. 77, 78.

And see note too In re Houghton, 8 Pac. 52, 57.

Judgment may enter that the respondent be indefinitely disbarred.

In connection with the plea above referred to, the following citation is pertinent:

"An earnest appeal has been made to this court for a modification of the order of disbarment, it being urged that this respondent has been a member of the bar for over forty years, that he has never before been charged with any dereliction of duty as an attorney, and that his time was so much occupied with service in public office that he was not able to devote to his private law practice the attention which it properly deserved. These, how-ever, are matters for consideration by the court below, if an application for reinstatement be hereafter made to it by the respondent."

In re Samuel Salus, 184 Atl. 69, 70.

If the forty years of practice are altered to twenty-three, the citation so precisely meets the situation before me that I might almost end this memorandum here. Since no evidence was offered by the respondent and since, by agreement of counsel, I am authorized to consider the statement made on his behalf, certain facts are added.

The respondent is entitled to the consideration extended to anyone charged with wrongdoing who admits his guilt and throws himself on the mercy of the court. At least he has not involved himself in untruthful denials.

In the three cases where restitution is clearly required, (counts I, III and VI) it is to be made as soon as new ad-ministrators can be appointed in I and VI and as soon as the contingency arises in III. This promise was made after I had distinctly told his counsel that I did not see how it could affect my decision. I added, however, that it might very

properly be considered on a petition for reinstatement at some future time.

From the evidence in the case and my acquaintance with Mr. McCoy, there is no question but that an almost indefinite number of character witnesses could have been secured. Even Judge Gilson, in spite of his experience with the estates in question, testified that he regarded Mr. McCoy as an efficient administrator. From the same sources, I am of the opinion that his intentions were always good, that in his own eyes and those of many of his friends he was and is fundamentally honest. He is in no different position than many a man before him who yields to temptation—not for sport and not for avarice, but because his personal needs and those of his family. While, as stated, these considerations cannot affect the disposition of this case, they should be placed on record. He is receiving the most severe punishment which can come to a member of the bar. If his future conduct is such as to warrant the submission of a petition for reinstatement, after a reasonable time, he may make such use of these findings as to him shall seem best.