## Smith Disbarment Case.

Argued November 24, 1953. Before STERN, C. J., STEARNE, JONES, CHIDSEY, MUSMANNO and ARNOLD, JJ.

264

268

*F. Raymond Heuges,* with him *John M. Smith, Jr.,* in propria persona, for appellant.

*Theodore Voorhees,* with him *Mary E. Groff,* for appellees.

OPINION PER CURIAM, January 12, 1954:

This is an appeal from a decree of a Special Disciplinary Court of Common Pleas No. 2 of Philadelphia County, that John M. Smith, Jr. be disbarred from practice at the bar of the common pleas of the

first judicial district of Pennsylvania, and striking his name from the roll of attorneys.

The case is before us de novo but the findings of the Special Disciplinary Court, if supported by competent evidence, are of especially persuasive influence: *Samuel W. Salus's Case*, 321 Pa. 103, 184 A. 69; *Moyerman's Case*, 312 Pa. 555, 167 A. 579.

After considering the entire record with care, the decree of the learned Special Disciplinary Court is affirmed on the opinion of JOHN MORGAN DAVIS, J., VINCENT A. CARROLL, J., and RAYMOND MACNEILLE, P.J.

---

OPINION CONCURRING AND DISSENTING IN PART BY MR. JUSTICE MUSMANNO:

I concur in the decision of the majority affirming the decree of the lower court finding the appellant guilty of unprofessional conduct, but I dissent from the penalty imposed.

While the appellant has engaged in practices both unethical and improper, I do not believe that his misconduct merits the severest punishment that can be visited upon a member of the Bar. Disbarment is no less than professional decapitation. It is for a lawyer the ultimate in dishonor. It is the lowest level in the Blackstonian abyss of dispair.

The appellant, whom so far as I know I have never seen, would appear from the record to be a man of considerable ability and tremendous energies. Certainly there should be a way to harness those energies so that they will inure to the best interests of society. I cannot believe that one who has achieved so much in the profession is utterly without hope of redemption.

A limited suspension, in my opinion, would jolt him into a solemn realization of the sacred obligations devolving upon him, as a member of the bar, not to take

liberties, even though falling short of defalcation and crime, with property belonging to his clients.

I am not prepared to say what should be the period of suspension, but I feel confident that taking away his office, books and briefcase for five years would provide him with the discipline, punishment and therapeutics necessary to rehabilitate him in ethics, morals and spirits so as to make him again worthy of this most wonderful and honorable profession of the law.